EX PARTE GEORGE W. COTTRELL.

1. **Bastardy.** A proceeding under the bastardy act while in the nature of a civil action is properly a police regulation requiring the putative father to furnish support for his child, and to indemnify the public against liability for its support.

2. ———: CONSTITUTIONAL LAW. The sum which the putative father is required to pay for such support is not a debt in the sense in which that word is used in the constitution, and in case of his failure to comply with the judgment of the court he may be committed to prison.

APPLICATION for writ of habeas corpus.

*Isham Reavis*, for the application.

MAXWELL, J.

This is an application for a writ of habeas corpus. The petitioner alleges that at the March, 1879, term of the district court of Richardson county he was adjudged to be the reputed father of a bastard child theretofore born of one Nancy Perkins, an unmarried woman; and he was adjudged to pay the sum of $10.85 per month for the maintenance of such child until it should be ten years of age, and also the costs of prosecution, and was required to execute a bond to said county in the sum of $1000.00, with

approved security for the performance of said judgment; and in case of default he was to be committed to the jail of said county. It appears that the petitioner has failed to comply with the judgment of the court and has been committed to prison, from which he now seeks to be discharged on habeas corpus. The principal ground upon which a discharge is sought is that the act providing for imprisonment in such cases is in conflict with the constitution.

Sec. 20 of Art 1 of the constitution provides that: "No person shall be imprisoned for debt in any civil action, on mesne or final process unless in cases of fraud." Is a proceeding in bastardy a civil action?

In *Cottrell v. The State*, 9 Neb., 125, it is said the proceeding is in the nature of a civil action to enforce the performance of a civil and moral obligation.

In *Musser v. Stewart*, 21 Ohio State, 356, it is said: "This is not a suit to recover a sum of money owing from the defendant to the complaining party. The liability sought to be enforced is not founded on contract express or implied, but originates in the wrongful act of the defendant, against the consequences of which the statute is designed to protect the public."

In *Hootman v. Shriner*, 15 Id., 43, it was held that the provisions of the code for the discharge of persons imprisoned for debt had no application to the case of a defendant imprisoned by order of the court under the bastardy act.

In *Holmes v. The State*, 2 G. Green., 501, it was held that that portion of the act which authorized imprisonment was unconstitutional and void. That case evidently was decided under a misapprehension of the law, and we have been unable to find any case where it is cited with approval. The proceeding, which is in the nature of a civil action, is properly a police regulation requiring the putative father to furnish maintenance for the support of his child,

and to indemnify the public against liability for its support. The sum charged against the petitioner is not a debt in the sense in which that word is used in the constitution. The statute is not in conflict with the constitution, and where as in this case there appears to be no doubt of the truth of the charge against the petitioner, the law should be enforced to the full extent. The writ is denied.

WRIT DENIED.