*In re* Wheeler, *Petitioner.*

---

*In the matter of the Petition of* GEORGE H. WHEELER *for a writ of Habeas Corpus.*

1. CONSTITUTION; *Imprisonment for Debt.* The provision of the constitution declaring that "no person shall be imprisoned for debt, except in cases of fraud," applies only to liabilities arising upon contract.

2. BASTARDY—*Purpose of Proceeding.* The purpose of a proceeding in bastardy is to compel the father of an illegitimate child to assist in supporting the fruit of his immoral act, and to indemnify the public against the burden of supporting the child.

3. BASTARDY; *Judgment not a Debt.* The charge of maintenance and education which the father of an illegitimate child may be adjudged to pay under the bastardy act, is not a debt in the sense in which that term is used in the provision of the constitution forbidding imprisonment for debt.

4. ———— *Valid Statute.* That portion of the act which provides that the defendant, if he be in custody, shall be required to secure the pay-

ment of the judgment rendered against him by good and sufficient securities, and in case of default that he shall be committed to jail until the security is given, is not in conflict with § 16 of article 2 of the constitution.

*Original Proceedings in Habeas Corpus.*

PETITION for a writ of *habeas corpus*, filed in this court June 24, 1885, by *George H. Wheeler* against *Samuel Thompson*, as sheriff of Brown county. The writ prayed for was issued and made returnable before the supreme court, on July 8, 1885. The material facts are stated in the opinion herein, filed October 9, 1885.

*W. D. Webb*, for petitioner.

The opinion of the court was delivered by

JOHNSTON, J.: This is an application for a writ of *habeas corpus* by George H. Wheeler, in which he alleges that he is illegally deprived of his liberty by the sheriff of Brown county. The petitioner was charged by Ida E. Robbins, an unmarried woman, with being the father of a bastard child of which she was pregnant, and at a trial in the district court a jury found him to be the father of such child, and he was adjudged by the court to pay to the relatrix, Ida E. Robbins, for the support of the child, the sum of $1,000, in twenty equal installments of $50 each. It was also adjudged that he should secure the payment of the $1,000 by good and sufficient sureties to be approved by the clerk of the court, and in default thereof that he should be committed to the jail of Brown county. The return made by the sheriff shows that the petitioner has failed to comply with the judgment of the court, and that he is now held by virtue of a commitment issued upon such judgment. The petitioner alleges that his restraint is illegal, for the reason that the several provisions of the bastardy act which provide for imprisonment are in violation of § 16 of the bill of rights in the constitution, which is that "No person shall be imprisoned for debt except in cases of

7—34 KAS.

fraud." That part of the bastardy act which provides for the enforcement of the judgment of the court reads as follows:

"Sec. 13. Such court shall, on finding or confession, render such judgment and make such order as may seem just for securing the maintenance and education to such child, by the annual payment to the mother, or if she be dead or an improper person to receive the same, to such other person as the court may direct, and of such sum or sums of money as the court may order, payable at such time or times as may be adjudged proper. The judgment shall specify the terms of payment, and shall require of such defendant, if he be in custody, to secure the payment of such judgment by good and sufficient sureties; or in default thereof, he shall be committed to jail until such security be given."

It is urged in behalf of the petitioner that this and other sections of the act that provide for commitment to the county jail come within the prohibition of the constitution above quoted. We think not. There are many forms of liability that do not constitute a debt in the technical and legal sense of that term. Imprisonment for debt as here used has a well-defined meaning, and as has been repeatedly decided, applies only to liabilities arising upon contracts. (*McCool v. The State,* 23 Ind. 129; *Ex rel. Brennan v. Cotton,* 14 Ill. 414; *Lower v. Wallick,* 25 Ind. 68; *Dixon v. The State,* 2 Tex. 481; *Musser v. Stewart,* 21 Ohio St. 353; *Hawes v. Cooksey,* 13 Ohio, 242; *Moore v. Green,* 73 N. C. 394; *Ex parte Cottrell,* 13 Neb. 193.)

*1. Imprisonment for debt.*

The charge of maintenance and education, while it is in the nature of a civil obligation, and imposed in a proceeding which is essentially civil though criminal in form, is not based upon contract either express or implied. It is the duty of the father to make provision for the support of his illegitimate offspring. To compel him to assist in the maintenance of the fruit of his immoral act, and to indemnify the public against the burden of supporting the child, is the purpose of the proceeding in bastardy.

*2. Bastardy— purpose of proceeding.*

In *Musser v. Stewart,* supra, it is decided that—

"A proceeding in bastardy is not a suit to recover a sum of

money owed from the defendant to the complaining party. The liability sought to be enforced is not founded upon contract, express or implied, but originates in the wrongful act of the defendant, against the consequences of which the statute is designed to protect the public."

In *Ex parte Cottrell*, 13 Neb. 193, it is said that—

"The proceeding is properly a police regulation, requiring the putative father to furnish maintenance for the support of his child, and to indemnify the public against liability for its support. The sum charged against the petitioner is not a debt in the sense in which that word is used in the constitution."

In *Lower v. Wallick*, 25 Ind. 68, it was expressly ruled that the payment of money compelled by the statute for the support of an illegitimate child is not in the nature of a debt due upon contract, and that the provision in the constitution forbidding imprisonment for debt, except in cases of fraud, applies only to debts arising *ex contractu.*

The only cases brought to our notice holding a contrary doctrine are: *Byers v. The State*, 20 Ind. 47; and *Holmes v. The State*, 2 G. Greene, 501. In *Lower v. Wallick*, 25 Ind. 68, the supreme court of Indiana expressly overruled the first of these cases, and the second has been referred to and disapproved in *Ex parte Cottrell*, 13 Neb. 193, and in *Lower v. Wallick*, supra. The statute does not assume that the relation of debtor and creditor exists between the father and mother of the illegitimate child. As has been seen, the charge of maintenance and education is not a debt due to the mother, nor is the money secured to be paid intended directly for her benefit, but is rather for the benefit of the child, and to save the public from the burden of its support.

The further objection is made to the validity of the statute, that where the father is unable to comply with the order of the court, as the petitioner here claims to be, the period of imprisonment might continue an unreasonable length of time. This objection is answered by the limitation found in § 14 of the act in question, where the legislature has determined what is a reasonable time, and has provided that—

"No person adjudged to be the father of a bastard child

shall be imprisoned for any failure to comply with any order, direction or judgment of a court or justice, for a term exceeding one year."

If the testimony did not warrant the judgment that was rendered by the court against the petitioner, he should have prosecuted a proceeding in error instead of in *habeas corpus.*

It is next suggested, rather than urged, that the act is in conflict with § 16 of art. 2 of the constitution; that the title of the act is not sufficiently comprehensive to embrace a punishment by imprisonment for failure to provide for the maintenance of the child, in accordance with the judgment of the court. The title of the act is broad and comprehensive, and fairly includes the provisions objected to. It reads as follows: "An act providing for the maintenance and support of illegitimate children." The commitment of the prisoner to the jail of the county prescribed in the act is only a means of making and enforcing a provision for the maintenance of the child. The naked judgment without stringent means of enforcement would, in many cases, afford no relief whatever.

3. Judgment— enforcement.

When the application for a writ of *habeas corpus* was first made, it appears that there was no formal mittimus in the hands of the sheriff, and technically the sheriff had no authority for his restraint; but since that time, the clerk of the court has issued a proper warrant of commitment, upon which he is now held. From the return made by the sheriff it appears that the judgment and order of the court are valid, and have not been complied with by the petitioner; and even if the officer was without a warrant, or if the process in his hands was void, the petitioner could not be discharged, but should be held until valid process is obtained.

The question of who shall pay for the board, care and custody of the petitioner during his commitment, raised by the sheriff, cannot be decided in this proceeding.

The petitioner will be remanded.

All the Justices concurring.