STATE v. BREWER.[1]

STATE v. BRUNSON.

1. BASTARDY—DEBT—CA. SA.—A prosecution for bastardy is, in South Carolina, a criminal, and not a civil, proceeding; the money required by the sentence of the court to be paid by the convicted defendant, is not a "debt," within the meaning of the constitutional provision prohibiting imprisonment for debt; and, therefore, such convict may be arrested under a writ of *ca. sa.*, where the sheriff is unable to enforce the payment of the sentence by execution against defendant's property—he having the right to obtain his discharge from arrest under the provisions of the insolvent debtor's law.
2. CASE CRITICISED.—This case distinguished from State *v.* Glenn, 14 S. C., 118.
3. BASTARDY—DEBT—CA. SA.—There was no error in sentencing a person convicted of bastardy to "be confined on execution in the jail in case the execution be returned *nulla bona*, as in a *ca. sa.*"—the meaning being, that he should be arrested under a *ca. sa.* after execution against property had been returned unsatisfied.

Before NORTON, J., Chesterfield, February, 1892, and IZLAR, J., Marion, October, 1891.

William A. Brewer, being convicted of bastardy at February term, 1892, of the court in Chesterfield County, was sentenced by Judge Norton to pay twenty-five dollars annually for the support of the child until it attained the age of twelve years, and that he enter into a recognizance so conditioned; that if he fail to do so, execution should issue against his property for the amounts as they respectively became payable; and "ordered, further, that if the sheriff, or his deputy, return on oath that the said defendant refused to pay, or has not property, or not sufficient whereon to levy, then a writ of *capias ad satis-*

---

[1]This case is republished in :9 L. R. A., p. 362, where, in a note, it is said : "The decisions in other States are quite extensively reviewed in *Moore* v. *State* (Kan.), 17 L. R. A., 714."—REPORTER.

*faciendum* shall issue, whereby he shall be committed to the common jail until the said annual sum of twenty-five dollars, and costs and charges, shall be satisfied, or until he be thence delivered by due course of law."

Defendant appealed upon three grounds, alleging error in so much of this sentence as directed his imprisonment, no fraud having been charged.

At the same term of the Supreme Court (November, 1892), the case of State *v.* Rainey Brunson was docketed. It was an appeal from a sentence of Judge Izlar, imposed October 12, 1891, in the Court of General Sessions for Marion County, which sentence was as follows:

"The sentence of the court is, that the defendant, Rainey Brunson, be required to execute a bond, with two sufficient sureties, in the sum of three hundred dollars, with condition to pay twenty-five dollars annually for the support of the male bastard child of Theny Campbell. If the said defendant fail to give said bond, that execution do issue as for a penalty for twenty-five dollars annually, and that he be confined on execution in the jail in case the execution be returned *nulla bona*, as in a *ca. sa.*, until he shall pay twenty-five dollars and the costs, and thereafter, each year, to be subject to arrest under said execution, in like event, until he shall pay for the support of said child twenty-five dollars annually for the support of said child for the period of twelve years."

The defendant appealed on the following grounds: 1. Because his honor, the presiding judge, erred in imposing imprisonment upon the defendant in case the execution be returned *nulla bona*, as on a *ca. sa.* 2. Because his honor erred in imposing imprisonment upon the defendant for an indefinite period of time, which would virtually render the payment of the penalty by the defendant an impossibility, and be tantamount to a life penalty. 3. Because his honor erred in imposing imprisonment for bastardy in any event.

*Messrs. Prince & Stevenson,* for Brewer.

*Mr. Ferd D. Bryant,* for Brunson.

*Mr. Johnson*, solicitor, contra, in both cases.

February 13, 1893. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. These two cases, involving practically the same question, were heard and will be considered together. That question is, whether a person who has been convicted of bastardy, who fails or refuses to enter into the recognizance, as required by law, for the support of his bastard child, can, after execution against his property has been returned wholly or partially unsatisfied, be arrested under a writ of *capias ad satisfaciendum* and committed to jail, subject, however, to the privileges accorded to insolvent debtors arrested under a similar writ.

A brief examination of the statutory provisions on this subject will show that this question must be answered in the affirmative. Section 1579 of the General Statutes provides that where a woman has been delivered of a bastard child, and she, on oath before a trial justice, declares who is the father of such child, "it shall be the duty of such trial justice to issue a warrant to apprehend and bring before him, or some other trial justice, the person so accused, who shall be required to enter into a recognizance," as prescribed by that section, conditioned for the support of such child for the period fixed by the section. If, however, the person so accused shall deny that he is the father of such child, then section 1582 provides that "a jury shall be charged, in the Court of Sessions, to try the question whether the accused is, or is not, the father of such child or children; and on his acquittal, he shall be discharged; or, if convicted, he shall be required to give the security or recognizance hereinbefore required; and, in default thereof, shall be liable to execution, as are defendants convicted of misdemeanors."

Then turning to section 2661, we find that where a person so convicted shall fail to pay the fine imposed, together with the costs of prosecution, "then a writ, in the nature of an execution, shall issue, by virtue of which the sheriff, or his deputy, shall sell (in the same manner as property is sold under execution in civil cases) so much of the offender's estate, real or

266 STATE v. BREWER.

personal, as may be necessary to satisfy the fine," &c. The next section (2662) provides: "If the sheriff, or his deputy, return, on oath, that such offender refused to pay, or has not any property, or not sufficient whereon to levy, then a writ of *capias ad satisfaciendum* shall issue, whereby he shall be committed to the common jail, until the forfeiture, costs, and charges shall be satisfied—entitled, however, to the privilege of insolvent debtors," which privilege, and how it is to be obtained, is fully set forth in chapter XCVI. of the General Statutes.

These statutory provisions clearly show that the judgments rendered in these two cases were fully warranted by the law as it is written. It is claimed, however, that this court has, in two cases, held that a person convicted of bastardy cannot be imprisoned, either as a punishment for that offence, or as a means of enforcing the giving of the required recognizance.

The first case is *State* v. *Glenn*, 14 S. C., 118. Outside of the question of jurisdiction, which was elaborately considered but which has no application to this case, the only question there presented was "whether the judgment of the Court of General Sessions, appealed from, is in conformity with law." All that is said upon that question will be found in the last paragraph of the opinion, on page 134, and is in these words: "The sentence of the general sessions was not conformable to law. The statute provides that, on conviction for bastardy, the defendant shall be required to give the security or recognizance hereinbefore provided, and on default thereof shall be liable to execution as are defendants convicted of misdemeanors. The sentence in the present case was 'that defendant, Abraham Glenn, give bond in the sum of $300, for the maintenance of the child until it reaches the age of twelve years, and in default thereof be imprisoned in the county jail for the period of six months, and execution issue against defendant's property.' The statute confers no authority to impose punishment for a fixed period, or in the nature of alternative punishment." That case, therefore, does not touch the question at present under consideration, but simply decides that imprisonment as a punishment for the offence of bastardy can-

not be imposed for a fixed period or as an alternative punishment; and in that we fully concur.

But imprisonment as a punishment for crime, and imprisonment under a writ of *capias ad satisfaciendum*, from which a party may at once relieve himself by exercising the privilege accorded to him by the statute, are two very different things. One is resorted to as a means of punishing an offence, while the other is for no such purpose, but simply for the purpose of compelling the party arrested under a *ca. sa.* to apply his property to the payment of the penalty imposed upon him for the breach of the criminal law. Indeed, if Glenn's case has any application at all to the present case, it rather recognizes the view which we have adopted than otherwise; for that case plainly implies, that a defendant convicted of bastardy who fails to give the required recognizance shall be liable to execution as are defendants convicted of misdemeanors, which, as we have seen, means liable to arrest under a *ca. sa.*, in the event of a return of the execution against property unsatisfied in whole or in part.

The other case relied on is *State* v. *Quick*, 25 S. C., 110. But in that case the judgment was that the defendant be committed to prison, "there to remain until he shall enter into recognizance" for the support of the child as the law prescribes, "and in default of defendant giving said recognizance, that execution for the said amount, and for the costs, do issue against the property of the said defendant, as in case of defendants convicted of misdemeanors," and the only question made by the appeal was whether there was error "in imposing the punishment of imprisonment in default of defendant entering into recognizance for the support of the child;" and no question was raised or considered as to the kind of execution which might be issued against the defendant in such a case, or as to the mode of enforcing the same; but the court simply held that there was no law authorizing the imposition of punishment by imprisonment upon a person convicted of bastardy. That case, therefore, clearly has no application to the question under consideration.

Again, it is urged that proceedings in a case of bastardy are civil rather than criminal in their nature, and the amount

which the defendant, upon conviction, is required to pay, is a
debt for the non-payment of which a party cannot be imprisoned
without violating section 20, of article I., of the Constitution
of this State, which declares that "no person shall be imprisoned
for debt, except in cases of fraud." While it is true that the
counsel for the appellant, Brewer, has cited cases from other
States which seem to support the view that bastardy proceed-
ings are civil rather than criminal in their nature, yet we think
that the question must be determined by the provisions of the
Constitution and statutes of this State. So considered, it is
clear to our minds that such proceedings are of a criminal and
not of a civil nature. By section 1, of article IV., of the Con-
stitution of this State, the Court of General Sessions is vested
with criminal jurisdiction *only*, and as our statute (section 1582
of the General Statutes) expressly requires that the issue in .
such cases shall be tried in that court, it would seem to be
conclusive that the legislature intended to make the offence of
bastardy a criminal offence. And, as a further indication of
such intention, the proceeding is commenced, just like other
criminal cases, by the issue of a warrant to apprehend the
party charged (section 1579), and the use of the words "ac-
cused," "acquitted," "convicted," in section 1582, followed
by the provision in the same section, that upon conviction the
accused shall be liable to execution as are defendants convicted
of misdemeanors, all point to the same conclusion. Accord-
ingly the unbroken practice has always been to treat a charge
of bastardy as a criminal offence, for which the accused is in-
dicted and tried in the Court of Sessions, just as in the case of
other misdemeanors. Hence whatever may be the view taken
in other States, where they may have different statutes, and
different rules of practice, we cannot doubt that, in this State,
a charge of bastardy must be, as it has always been, regarded
as a criminal proceeding, instituted *not* for the purpose of
recovering, or enforcing the payment of, a *debt*, but for the
purpose of subjecting the party charged to the penalty imposed
by statute for a violation of the law.

So, regarding a proceeding in a case of bastardy, we think it
clear that the penalty which one convicted of that offence

incurs cannot be regarded as a "debt," in the sense of that term as used in section 20, article I., of the Constitution.    See the authorities collected in 5 Am. & Eng. Enc. L., page 143, *et seq.*, as well as in volume 10 of the same valuable work, at page 212, *et seq.*    In the case of *State* v. *Mace*, 5 Md., 337, where it was held that a fine imposed for the violation of a statute is not a "debt," within the constitutional provision forbidding imprisonment for debt, the court said, substantially, that the Constitution ought to receive a common sense interpretation—that is to say, the sense in which it was understood by those who adopted it; and, if it be so construed, the term "debt" is to be understood as an obligation arising otherwise than from the sentence of a court for the breach of the public peace or commission of other crime.    The people who adopted it evidently so understood it.    *"They regarded it, as it was intended, a protection to the unfortunate, and not an immunity to the criminal."* (Italics ours.)    This, we think, is the true view of the matter. And so it was held in the case of *In re Wheeler*, 34 Kans., 96, that the charge against the father of a bastard child for its maintenance is not a debt, within the terms of the constitutional provision forbidding imprisonment for debt except in cases of fraud.    To same effect, see *Musser* v. *Stewart*, 21 Ohio St., 353, and *Ex parte Cothrell*, 13 Neb., 193.    See, also, *Ex parte Robertson*, 27 Texas App., 628; s. c. 11 Am. St. Rep., 207.

We are of opinion, therefore, that the judgments rendered in these two cases are not in violation of the Constitution.

In Brunson's case, it is further urged that the judgment rendered does not conform to the provisions of the act, inasmuch as it directs that, upon default in giving the required recognizance, "execution do issue as for a penalty for twenty-five dollars annually, and that he be confined on execution in the jail," until he performs what may be an impossible act, and thus be subjected to perpetual imprisonment. But this position ignores the words which follow immediately after the words quoted from the judgment, viz., "in case the execution be returned *nulla bona*, as in a *ca. sa.;*" and when this omission is supplied, it seems to us that the judgment, properly construed, means the same thing as that rendered in

Brewer's case—that is to say, if the defendant fails to give the required recognizance, and the execution against his property, which the statute requires to be first issued, shall be returned unsatisfied, in whole or in part, then the defendant shall be arrested under a *ca. sa.*, when, under the statute, he may avail himself of the privileges accorded to insolvent debtors. While, therefore, the judgment rendered in Brunson's case is not so full and explicit as that rendered in Brewer's case, yet they substantially mean the same thing, and the objection taken in Brunson's case is not, therefore, well founded.

The judgment of this court is, that the judgment of the Circuit Court, in each of the cases above stated, be affirmed.