EX PARTE DREW BRIDGFORTH.

CONSTITUTIONAL LAW. *Imprisonment for debt.* *Constitution of* 1890, *sec.* 30. *Code* 1892, § 261.

A judgment ordering the payment of money by the father for the support and maintenance of a bastard child, under code 1892, § 261, providing that a defendant convicted in a bastardy proceeding may be required to give security or in default thereof be committed as if a convict of a misdemeanor, is not a debt within the meaning of section 30, constitution of 1890, prohibiting imprisonment for debt.

FROM the judgment of HON. Z. M. STEPHENS, circuit judge, third district, denying appellant's application for release from custody on *habeas corpus.*

Bridgforth, the appellant, was the defendant in a bastardy proceeding, and upon an issue made up in the circuit court of DeSoto county he was adjudged to be the real father of the bastard and damages in the sum of $24 per year for ten years, to be paid annually, were assessed against him accordingly. The judgment provided, under code 1892, § 261, that the defendant, now appellant, should give bond for the payment of the installments of the damages as they fell due, and in default of his so doing it was ordered that he stand committed to jail. Appellant failed to give the bond, and, when the jail door was opened for his entrance, applied for a writ of *habeas corpus.* Failing to obtain his release from the circuit judge to whom he made his application and by whom his case was heard, he appealed to the supreme court.

*R. L. Dabney,* and *Wall & Morgan,* for appellant.

The annotations to § 261, code of 1892, are misleading. In *Musser* v. *Stewart,* 21 Ohio St., 353, the conclusion was that the judgment obtained was not in the nature of a debt,

or of compensation for a civil injury, but was a punishment for a wrongful act, inflicted to protect the public. In *Ex parte Wheeler*, 34 Kan., 96, the same conclusion was reached. The Kansas constitution prohibits imprisonment for debt, except in case of fraud, and the decision planted the question on the exception.

A late Iowa case, *Holmes* v. *State*, 2 G. Greene, 501, is in appellant's favor, and it is well reasoned. The Iowa constitution is exactly like ours. The decisions adverse to appellant's contention are a mass of incongruities. If we adopt the theory that the judgment is a penalty for the protection of the public we are at once confronted with the fact that the mother of the bastard controls the judgment absolutely and the further fact that it is discretionary with the judge to require or not require the bond, etc.

*Wiley N. Nash,* attorney-general, contra.

Section 30, constitution of 1890, was intended to apply to contract debts; it was never designed to relieve pecuniary liabilities and penalties arising from the commission of crime. Bridgforth is imprisoned not because he owes a debt, but because he violated the law in begetting a bastard child, and the sum awarded against him is a penalty. Speaking of the constitutional provision, it is said by this court: "It is quite evident that the word 'debt' in this connection is not used in its widest scope, as embracing every pecuniary liability or obligation which may by law be devolved upon the citizen." *Ex parte Meyer,* 57 Miss., 85.

Woons, C. J., delivered the opinion of the court.

The sum adjudged by the court below against the appellant was not a recovery for debt arising out of any contract, express or implied. The appellant owed no debt to the mother of the child. The proceeding under our bastardy statutes is merely a police regulation by which the father of the illegitimate

child may be required to maintain and support his own child, and protect the public against its becoming a charge upon the county. It is in the nature of a penalty, by which the father is compelled to assist. at least, in making provision for the unfortunate infant unlawfully begotten by him, and is in no proper sense a debt in the well-understood meaning in which that word is employed in § 30 of our constitution. *Ex parte Cottrell,* 13 Neb., 193 ; *Lower* v. *Wallick,* 25 Ind., 68 ; *Musser* v. *Stewart,* 21 Ohio St., 353 ; *State* v. *Brewer,* 19 L. R. A., 362 ; *In re Wheeler* 34 Kan., 96. The only case which has been seen by us holding the contrary is that of *Holmes.* v. *State,* 2 G. Greene's (Iowa) Rep., 501.

*Affirmed.*