## 7848

### STATE v. EDENS.

1. A RECOGNIZANCE is a conditional judgment, and if forfeited upon failure to comply with its condition all that is necessary to make it binding is to give the parties an opportunity to show any defects or irregularities. The issuance of a second rule to show cause why judgment should not be *confirmed* after adjudication of insufficiency of first return is unnecessary.

2. IBID.—BURDEN AND PROOF.—The recitals in a rule to show cause why a recognizance should not be estreated are conclusive of the facts recited until the contrary appears.

3. BASTARDY.—MAGISTRATE has jurisdiction to bind over to Circuit Court one charged with and shown to be probably guilty of bastardy where he denies the paternity of the child and refuses to enter into recognizance to maintain the child

4. LACHES in estreating a recognizance is not imputable to the State except in so far as it may influence the discretion of the Court in remitting the forfeiture.

5. APPEAL.—This Court will not review the exercise of discretion of the Circuit Court unless it is made to appear it was abused.

6. IBID.—Findings by the Circuit Court in proceedings to estreat a recognizance will not be reviewed unless without evidence to support them.

7. REHEARING refused.

Before GARY, J., Sumter, 1909. Affirmed.

Proceedings in General Sessions to estreat recognizance in case of State against Johnnie Serious. The surety, H. T. Edens, appeals on the following exceptions, argued:

2. "That his Honor erred in overruling the return in that it was shown that there was no showing or proof by testimony, record or otherwise, that the principal Serious had failed to appear for sentence, and that he had been called at the door, or that a bench warrant had been issued for his arrest, or that there was any return of the sheriff showing that any such warrant had been served or attempted to be served on him, or left at his residence, or left for service, or that such search had been made for him and that he could

not be found; nor was there any sufficient description of any offense, or any showing that the principal had been let to bail in pursuance of the order of an officer having authority to do so.

5. "That his Honor, Judge R. W. Memminger, and Mr. Justice Davis, erred in ordering the bond estreated, and confirming the judgment thereon respectfully, in that the indictment upon which the defendant was tried, did not allege nor was it proved that he had been unable to comply with the requisitions of the statute, or that he had denied that he was the father of the child, therefore, there was no issue raised for trial by the jury, and the verdict and judgment thereon were a nullity, and there was nothing for the defendant to appear for or to answer to.

6. "That the Court of General Sessions did not have jurisdiction to try the offense alleged in the indictment, in that it appeared that the defendant had been arrested by Magistrate Reese and brought before him, and there the woman had declared on oath the father of the child; nor did it appear that the said defendant had evaded or resisted the warrant so issued, nor had the said warrant been returned to the clerk of the Court of General Sessions with a special note thereon by way of return, on oath, on which an indictment could have been given out, and therefore the Court of General Sessions had no jurisdiction of the cause, and the appearance bond was of no effect or force, and the defendant was not bound thereby to have appeared, nor the surety liable for his failure to appear.

7. "That his Honor, Judge Memminger, erred in confirming the judgment, in that it did not appear that every person bound by the recognizance had been served with the notice to appear and show cause why the same should not be estreated.

8. "That his Honor, Judge Memminger, erred in confirming the judgment upon the recognizance, in that it appeared that the State had been guilty of laches in institut-

ing a proceeding to estreat the bond, and in that it appeared from the showing that in all likelihood the defendant Serious was dead, and in that it did not appear that any intentional failure to appear had been made on the part of the defendant Serious, and that his failure to appear was excusable."

*Mr. John H. Clifton,* for appellant. Oral argument.

*Solicitor P. H. Stoll,* contra, cites: *Execution against property of defendant in bastardy only obtains when he fails to give bond:* 38 S. C. 263. *Presumptions are in favor of proper proceeding:* 34 Cyc. 569. *Surety is liable on breach:* 19 S. C. 282. *Judgment for maintaining a bastard is not on a debt:* 30 S. C. 263.

The opinion of the Court was filed on March 11, 1911, but held up on petition for rehearing until

April 1, 1911. The opinion of the Court was delivered by

Mr. Justice Hydrick. In May, 1903, John Serious was arrested upon a warrant issued by a magistrate charging him with bastardy. The magistrate bound him over to the Court of General Sessions; and he entered into a recognizance, with appellant as surety, conditioned for his appearance to answer an indictment upon said charge. At the Spring term, 1909, Judge Gary issued a rule requiring the principal and surety to show cause, at the next term, why the recognizance should not be estreated and judgment thereon confirmed against them. It was recited therein that it appeared to the Court that John Serious was under recognizance to appear at the July term, 1903, to answer to the indictment in said cause, and that he had failed to answer, when called.

In his return to the rule, the appellant set forth the matters and things mentioned in the exceptions, which will be reported, except the first, third and fourth, which were abandoned. He also alleged that he was informed and believed that the defendant was dead. Whereupon Judge Gage continued the rule, entering on the docket that it was continued to give the surety further time to ascertain if his principal was dead. At the next term, the return was heard, and Hon. W. C. Davis, special Judge, passed the following order: "Upon hearing the return to the rule to show cause as against H. T. Edens, as surety upon the recognizance of the defendant in this case, why such recognizance should not be estreated, it is deemed that such return is insufficient, and it is ordered and adjudged that such recognizance be, and the same is hereby, decreed to be forfeited and estreated, and in order that judgment may be confirmed thereon, let a notice, without delay, be issued out of this Court to summon the said John Serious, defendant, and the said H. T. Edens, surety as aforesaid, to be and appear at the next term of this Court, on the first day thereof, to show cause, if any they and each of them may have, why judgment should not be confirmed against them, and each of them, upon such recognizance." At the next term the return provided for in the order of Judge Davis was heard by Judge Memminger, who passed the following order: "Upon hearing the return to the rule to show cause, as against H. T. Edens as surety of the defendant in the above stated case, why such recognizance should not be forfeited and estreated, and judgment rendered affirmed, it is deemed that such return is not sufficient, and it is hereby ordered and adjudged that the rule in this case be made absolute and that said recognizance be estreated and judgment affirmed, and it is hereby adjudged forfeited, and that judgment be entered and execution be issued for the sum of $300.00, the penalty thereof, and costs, against H. T. Edens."

In passing, we may say that from the orders in this and other cases recently heard in this Court, it seems that an erroneous impression prevails that in entering judgment on a forfeited recognizance it is necessary to issue first a rule to show cause why the recognizance should not be estreated and forfeited and judgment entered thereon, and, after hearing the return to that rule. if it is adjudged insufficient, to issue a second rule to show cause why the judgment should not be *confirmed.* The second rule is unnecessary, and judgment absolute may be entered on hearing the return to the first rule. The recognizance is itself an instrument, "in the nature of a conditional judgment of record, which may be discharged by the performance of the conditions stated." 34 Cyc. 539. Upon breach of the condition, as, for instance, by failure of defendant to appear and plead, where that is the condition, the recognizance is forfeited, and "becomes an absolute debt of record in the nature of a judgment" (34 Cyc. 552) ; and the statute (Crim. Code, sec. 85) requires a notice to be issued "to summon every party bound in such forfeited recognizance to be and appear at the next ensuing Court of Sessions to show cause, if any he has, why judgment should not be confirmed against him," etc., showing that the recognizance is regarded as a conditional judgment, which, on breach of the condition, is to be *confirmed,* or made absolute, unless the parties therein bound show sufficient cause to the contrary. Of course, the Court may, in its discretion, on a sufficient and satisfactory showing, continue the hearing, as Judge Gage did in this case, or grant orders for a further or amended return, or, where the forfeiture is caused from ignorance or unavoidable cause, remit the whole or any part of the forfeiture. Crim. Code, sec. 88. But it is not *necessary* to issue a second rule, before judgment can be *confirmed.* *State* v. *Dingle,* 87 S. C. 518.

The Court of General Sessions, being one of general jurisdiction, all things will be presumed to have been rightly

done, and a recognizance being matter of record, every reasonable presumption will be indulged in support of it. The burden of proving defects and irregularities is upon cognizors. Therefore, the recital in the order of Judge Gary that defendant was under recognizance to appear and plead to the indictment, that he was called, and failed to appear and plead, is conclusive of the facts recited, there being no proof to the contrary. The failure to appear and plead was a breach of the condition of the recognizance, and it thereby became forfeited. *State* v. *Minton,* 19 S. C. 280; *State* v. *Williams,* 84 S. C. 21, 65 S. E. 982.

Bastardy is a criminal offense. *State* v. *Brewer,* 38 S. C. 263, 16 S. E. 1001. Magistrates have jurisdiction to issue warrants for the arrest of all persons charged with any criminal offense committed within their counties, and to commit or bind over for trial those who appear to be guilty of such offenses as are not within their jurisdiction to try. Crim. Code, secs. 19 and 28. It follows that the magistrate had jurisdiction to issue the warrant for the arrest of the defendant, and, if he had entered into recognizance for the maintenance of the child, as provided by section 494 of the Criminal Code, to discharge him; but upon his denial of the paternity of the child, or, upon his failure to give such recognizance if it appeared, after investigation, that he was probably guilty of the offense it was the duty of the magistrate to commit him or to bind him over for trial. Laches in estreating a recognizance is not imputable to the State, except in so far as it may influence the discretion by the Circuit Court in remitting the forfeiture, in whole or in part. This Court will not review the exercise of discretion of the Circuit Court, unless it is made to appear that it was abused; nor

will it review the findings of the Circuit Court, unless they are without evidence to support them.

Affirmed.

Petition for a rehearing in this case was refused by formal order on April 1, 1911.