## ALBINA GROSS, Respondent, v. JULIUS GROSS, Appellant.

### (206 N. W. 793.)

**Divorce — duty of maintenance enjoined in decree of divorce cannot be enforced by execution but may be compelled through contempt proceedings.**

1. Under the statutes of this state (Comp. Laws 1913, §§ 4404–4406), the duty of maintenance that may be enjoined in a decree for divorce in favor of either party, or of minor children, is a specific duty and, though awarded in terms requiring the payment of stated sums at intervals, the full performance of the duty can not be enforced by execution but may be compelled through contempt proceedings.

**Divorce — statute defining "contempt" held not to exclude failure to pay maintenance or alimony decreed by court of competent jurisdiction.**

2. Section 8180 of the Compiled Laws of 1913, defining contempt to consist in the failure of a party to pay a sum of money ordered by the court in a case where by law an execution can not be awarded for the collection of such sum, does not exclude the failure to discharge the duty of paying maintenance or alimony decreed by a court of competent jurisdiction.

**Divorce — evidence held sufficient to support judgment.**

3. It is *held* that the evidence supports the judgment.

Opinion filed December 21, 1925.

Divorce, 19 C. J. § 691 p. 299 n. 74; § 692 p. 300 n. 87; § 821 p. 359 n. 84½; p. 360 n. 91.

Appeal from the District Court of McLean County, *Coffey,* J. Affirmed.

*Langer & Nuchols,* for appellant.

"It is generally held that a decree or judgment allowing permanent alimony may be enforced by execution, unless by statute or the decree itself another exclusive method is provided for the enforcement." 19

Note.— (1) Contempt proceedings to compel payment of alimony, see annotation in 24 L.R.A. 433; 30 L.R.A.(N.S.) 1001; L.R.A.1917C, 97; 1 R. C. L. 960; 1 R. C. L. Supp. 293; 4 R. C. L. Supp. 65; 5 R. C. L. Supp. 57; 6 R. C. L. Supp. 50.

Inability to pay alimony as defense to contempt proceeding, see annotation in 22 A.L.R. 1260, 1270; 1 R C. L. 962; 1 R. C. L. Supp. 293; 4 R. C. L. Supp. 66; 5 R. C. L. Supp. 57; 6 R. C. L. Supp. 51.

C. J. p. 309, § 711, and cases cited. Bailey v. Bailey (Iowa) 28 N. W. 443; Allen v. Allen (Iowa) 34 N. W. 303; Maki v. Maki (Minn.) 119 N. W. 51; Leeder v. State (Neb.) 75 N. W. 541; Bobowski v. Bobowski (Ill.) 90 N. E. 361; Marsh v. Marsh (Ind.) 70 N. E. 154.

"Where payment of permanent alimony is to be made in instalments, execution may issue to enforce payment of each instalment as it falls due, or of so many of them as may be due at any one time." Dewey v. Dewey (Mich.) 115 N. W. 735.

"The enactment upon this subject is exceedingly broad, including all judgments in both legal and equitable actions which require the payment of money." Miller v. Miller, 7 Hun, 208.

"The power to grant divorce and the power of courts with reference to alimony and the enforcement of the payment thereof is a statutory and not a common-law power." 19 C. J. p. 23, §§ 28, 29, and cases cited; Barker v. Dayton, 28 Wis. 367; Hopkins v. Hopkins, 39 Wis. 167.

*Williams & Lindell,* for respondent.

"The power to enforce a decree for permanent alimony by attachment for contempt belongs inherently to a court having jurisdiction of divorce suits, even after the term at which the decree was rendered." 19 C. J. 299, § 692.

"Although statutes frequently provide for enforcing the payment of alimony by attachment for contempt, nevertheless a court has inherent authority to do so even in the absence of statute." 1 R. C. L. 960, § 103.

Alimony is not a debt in the true sense of the word. Alimony is not a debt which is satisfied or discharged by bankruptcy proceedings. 1 R. C. L. 872, § 11; Wetmore v. Markoe, 196 U. S. 68, 49 L. ed. 390; Noyes v. Hubbard, 64 Vt. 302, 15 L.R.A. 394.

In view of the rule that where a person seeks to satisfy the court that a failure to obey an order or decree was due entirely to his inability to comply and render obedience, the burden is upon him to establish that fact by a preponderance of the evidence. 22 A.L.R. 1266; Hurd v. Hurd, 63 Minn. 443, 65 N. W. 778; State v. Cook, 66 Ohio St. 566, 58 L.R.A. 625.

BIRDZELL, J. This is an appeal from an order entered in the district court of McLean county, adjudging the defendant guilty of con-

tempt and committing him to imprisonment until he shall pay the sums ordered to be paid for the support of minor children as fixed in a final judgment of divorce. The judgment in the divorce action was entered on the 9th of February, 1922. It directs the defendant to pay to the plaintiff the sum of $50, attorneys' fees, and $25, as court fees and expenses, and the sum of $15 per month for the support of the minor children of the plaintiff and defendant. The defendant failed to make any of the payments ordered by the judgment and, upon the application of the plaintiff, supported by the affidavit of her attorney, an order to show cause was issued directing the defendant to show cause on the 21st day of November, 1924, why he should not be adjudged in contempt for his failure to make said payments. A demurrer was interposed to the application but later, without awaiting a ruling on the demurrer, the defendant made a return in which he alleges inability by reason of sickness to comply with the judgment in the divorce action. He also petitioned for a modification of the original judgment, so as to award to him the custody of the children, representing that his brother and the wife of the brother are willing and anxious to care for, support and educate the minor children and desire to have their care and custody. A hearing was had and evidence taken. Thereafter the court made the order from which this appeal is taken.

Two major questions are argued upon this appeal: first, the power of the court to enforce the judgment by contempt proceedings and, second, the sufficiency of the evidence to support the judgment. It is argued that the district court has no inherent power in divorce matters; that its jurisdiction is dependent upon statute and that the statute (Comp. Laws 1913, § 8180), by clear implication, prohibits the enforcement of a final decree for support or alimony through the medium of contempt proceedings. The statute, insofar as material, is as follows:

"Every court of record has power to punish by fine and imprisonment, or either, a neglect or violation of duty or other misconduct by which a right or remedy of a party to a civil action or proceeding pending in the court may be defeated, impaired, impeded or prejudiced in the following cases: . . .

"(3) A party to an action or proceeding, an attorney, counselor or other person, for the nonpayment of a sum of money ordered by the

court to be paid, in a case where by law an execution can not be awarded for the collection of such sum; or for any other disobedience to any lawful order, judgment or process of the court. . . .

"(8) In any other case expressly authorized by the codes or statutes of this state, or where an attachment or any other proceeding to punish for a contempt has been usually adopted and practised in a court of record to enforce a civil remedy or to protect a right of a party to an action or proceeding in such court."

The statutory authority for that part of the judgment affecting the custody of the children and their support, is found in §§ 4404 and 4405 of the Compiled Laws for 1913 as follows:

"Sec. 4404. In an action for divorce the court may before or after judgment give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper and may at any time vacate or modify the same.

"Sec. 4405. When divorce is granted, the court shall make such equitable distribution of the property of the parties thereto as may seem just and proper and may compel either of such parties to provide for the maintenance of the children of the marriage, and make such suitable allowances to the other party for support during life or for a shorter period as to the court may seem just, having regard for the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects.

"Sec. 4406. The court may require such party to give reasonable security for providing maintenance or making any payments required under the provisions of this chapter and may enforce the same by appointment of a receiver or by any other remedy applicable to the case. . . ."

The judgment upon which the present proceedings are founded reads, in part, as follows: "That the defendant shall pay to the plaintiff attorneys' fees in the sum of $50 and court fees and expenses in the sum of $25; and that the defendant shall pay to the plaintiff the further sum of $15 per month payable on the 1st day of each month, as support and maintenance of the two minor children." There can be no doubt that under § 4405 the court may, in exercising its power to compel either of the parties to provide for the maintenance of the children, express in the judgment the measure of that duty. Any failure

to comply with the judgment in this respect will give rise to a remedy for its enforcement. It is argued that a remedy for enforcement, where the judgment requires a money payment, is an execution (Comp. Laws 1913, § 7714), and that, since an execution may be had, the party in whose favor this provision of the judgment runs is not entitled to enforce it through the medium of contempt. Subd. 3, § 8180, supra.

The judgment does not declare that the plaintiff shall have and recover of the defendant so many dollars in money. It is more than a mere contract obligation; it is the judicial determination, rendered under express statutory authority, of a duty that stands upon a higher footing than any form of contract. Barclay v. Barclay, 184 Ill. 375, 51 L.R.A. 351, 56 N. E. 636. The argument, in our opinion, does not make proper allowance for the real scope of the statute vesting authority in the district courts to compel the parties to divorce actions to provide for the maintenance of the children. The duty of maintenance is a specific duty and is not necessarily discharged by the payment of a definite amount of money in the event that it can be made out of the property or effects of a defendant after levy, notice and sale upon execution. It is a duty which the court is authorized to compel either party to perform and which they may be required to perform whether they have property subject to execution or not. As the court has power to compel, it may fix a time when payment or other provision is to be made, and it may compel the furnishing of the maintenance at the time and in the manner stated. It may likewise compel the furnishing of security. Comp. Laws 1913, § 4406.

The mere fact that the judgment, for purposes of convenience, adopts the measure of a money payment in stated instalments is incidental—the duty nevertheless is as specific as though the court had required the assignment of an aliquot part of the defendant's salary or wages. And the further fact that for these instalments, either as they mature or accumulate, the plaintiff may have an execution, is likewise immaterial in our view of the matter; for the execution would not result in a full measure of compliance with the judgment. It would not furnish the maintenance as ordered, but, conditionally, at some later time. In the case of an ordinary money judgment, moreover, which simply declares that the plaintiff do have and recover a specific sum of the defendant, that amount, or the amount with legal interest at a

later date, is a full compliance with the judgment. We are clearly of the opinion that, to use the language of the statute relied upon, an execution can not be awarded which will result in the collection of $15 on the first day of every month for maintenance of the children of the marriage which is dissolved by the judgment in the instant case; and that, as the court has power to compel the defendant to provide maintenance, the performance of this duty can be compelled only by resort to contempt proceedings under the express authorization of § 8180 of the Compiled Laws for 1913.

Contrary decisions relied upon by the appellant do not appear to be based upon reasoning which commends itself to us, and, as the question has not previously been determined in this jurisdiction, we feel free to adopt the rule which to us seems sound. The question was stated but not decided in Glynn v. Glynn, 8 N. D. 233, 77 N. W. 594. What was there said, however, in commenting upon the nature of the obligation, indicates that the duty of support rises higher than any mere contract obligation merged in a judgment and is altogether consistent with the views expressed herein. At page 238 of the opinion the court says:

"A court of equity has no more worthy duty to perform than to force a derelict husband and father to support his wife and children. That burden both the common and statute law place upon him, and it is in the interests of a sound public policy, in the interests of morality, in the interests of the preservation of the family relation, which is the basis of all good government, that he should not be permitted to evade or disregard this burden. It is a sacred duty that is cast upon him, and in a proper case the Court should exercise all the powers permitted to it to enforce such duty. *Nor can the husband, once the burden has been assumed, by any act of his own disencumber himself.*"

From what has been said, it must be apparent that we do not regard the duty to pay alimony or to furnish support as a debt within the provision of our constitution forbidding imprisonment for debt. N. D. Const. § 15. Authorities sustaining our views will be found cited in 19 C. J. p. 301.

Upon oral argument counsel for the appellant expressly disclaimed any purpose to attempt to justify one in refraining from supporting his own offspring, but nevertheless it was argued that the evidence

in the instant case is insufficient to support the judgment. There is evidence that the defendant was not in robust health at the time of the trial and had not been for some time prior thereto, but the evidence of his earning capacity and of actual work performed by him for his brother, amply supports the conclusion of the trial court, as implied in the judgment, that the defendant is able, though unwilling, to comply with the decree. The trial judge was in a superior position to determine these matters and the record does not show that his determination is against the preponderance of the evidence. We would be especially reluctant to disturb the findings of the trial court in a case where the record shows, as here, that the defendant had never made any payment whatsoever under the decree.

Judgment affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and JOHNSON, JJ., concur. .