Georgeanna Louise KITCHEN, aka
Georgeanna Louise Hofseth,
Plaintiff and Appellant,

v.

Daniel Lee KITCHEN, Defendant
and Appellee.

Civ. No. 9902.

Supreme Court of North Dakota.

April 23, 1981.

Robert G. Hoy, Asst. State's Atty., and Deborah A. Lewis, Asst. State's Atty., Fargo, for plaintiff and appellant; argued by Deborah A. Lewis.

Richie, Sogard & Carlson, Fargo, for defendant and appellee; argued by Jay D. Carlson, Fargo.

ERICKSTAD, Chief Justice.

This appeal was brought by the State's Attorney of Cass County on behalf of the Fargo Regional Child Support Enforcement Unit from an order of the District Court of Cass County which vacated a writ of attachment issued and executed against the appellee, Daniel Kitchen, for contempt of court for failing to pay child support as ordered by the court. We reverse the order of the district court.

Kitchen had repeatedly failed to pay child support as ordered by the court since 1977. Georgeanna Kitchen, the mother of the children, had assigned the support rights to the Social Service Board of North Dakota.

On February 1, 1979, a hearing was held to allow Kitchen to show why he should not be adjudged guilty of civil contempt for his failure to comply with the court's order. In his February 16, 1979, memorandum to the district court, the referee found Kitchen to be "guilty of civil contempt of court for failing to make child support payments as ordered." The referee also directed that a warrant of attachment be prepared for Kitchen's arrest and incarceration for 90 days during which time he was to participate in a work release program or until he purged himself of contempt by paying the child support payments in arrears.

In March the district court issued an order under the Uniform Reciprocal Enforcement of Support Act transferring proceedings to Clay County, Minnesota. In Clay County on April 3, 1979, Kitchen stipulated to payments of $150 per month and agreed to contact the child support officer of Clay County Social Service Center by June 4, 1979, to consider the arrears, and an order was entered by the County Court of Clay County accordingly.

Kitchen requested a review of the February 16 findings of fact and conclusions of law made by the referee for Cass County, North Dakota. These findings and conclusions were affirmed by the District Court of Cass County and a warrant of attachment was issued on May 18, 1979. On May 25, 1979, Kitchen asked for a review of the facts as he claimed he was willing but unable to pay child support and, therefore, was not in contempt of court. A hearing was held before the Cass County referee on May 29, 1979. The referee again determined that Kitchen was in contempt but reduced the jail sentence from 90 to 30 days, as it appeared Kitchen could not discharge all arrearages. A warrant of attachment was issued August 30, 1979. The warrant was not served at this time as Kitchen resided in Clay County, Minnesota. The proceedings were transferred to Clay County, Minnesota, again in December, 1979. In Clay County, a judgment for the entire amount in arrears was entered March 21, 1980.

Subsequently, on August 21, 1980, the warrant was served and Kitchen was arrested and incarcerated in the Cass County jail. Kitchen applied for a writ of habeas corpus contending that he was illegally imprisoned for civil contempt. The writ was issued and, after a hearing in the District Court of Cass County, the court vacated the warrant of attachment as a judgment, subject to execution, had been entered in Clay County, Minnesota, against Kitchen for the amount in arrears. The court interpreted Section 27–10–03(3), N.D.C.C., to allow an adjudication of civil contempt for nonpayment of a sum of money ordered by the court to be paid only where by law execution cannot be awarded.

This appeal is from the order vacating the writ of attachment and discharging Kitchen from custody. The issue asserted is whether or not the entry of a judgment in another jurisdiction, namely Clay County, Minnesota, purges the defendant of an earlier finding of civil contempt of court in Cass County for failure to pay child support.

The district court's determination was a conclusion of law and as such is fully reviewable by this court. *Selland v. Fargo Public Sch. Dist. No. 1*, 302 N.W.2d 391, 394 (N.D.1981).

Section 27–10–03, N.D.C.C., describes what acts are punishable as civil contempt. Section 27–10–03, paragraph 8, states:

> "*27–10–03. Acts punishable as civil contempts.*—Every court of record of this state may punish as for a civil contempt any person guilty of a neglect or violation of a duty or other misconduct by which a right or remedy of a party to a civil action or proceeding pending in such court may be defeated, impaired, impeded, or prejudiced in the following cases:
>
> \*    \*    \*    \*    \*    \*
>
> 8. In any other case expressly authorized by the code or statutes of this state, or where an attachment, or any other proceeding to punish for a contempt has been usually adopted and practiced in a court of record to enforce a civil remedy or to protect a right of a party to an action or proceeding in such court."

■ The trial court erred when it construed Section 27–10–03(3), N.D.C.C., to require the vacation of the warrant of attachment. Section 14–08–07 specifically allows an adjudication of civil contempt for failing to pay child support.[1]

---

1. "*14–08–07. Support payments—Payment to court—Transfer of payment to court of recipient's residence—Transfer of proceedings for enforcement of decree—Procedures upon failure to pay.*—1. In any action wherein a court decrees that payments for child support or alimony combined with child support be made, the court shall provide in its decree that such payments be paid to the clerk of court as trustee for remittance to the recipient or person or

public agency providing support for such recipient. The clerk of court shall maintain records listing the amount of such payments, the date when such payments shall be made, the names and addresses of the parties subject to such decree, and any other information deemed necessary for the proper administration of such decree. The parties subject to the decree shall immediately inform the clerk of court of any change of address or change of any other con-

Kitchen failed to make child support payments as ordered by the court. At that time, he was adjudged to be in contempt of court. A subsequent entry of judgment in Minnesota pursuant to the Uniform Reciprocal Enforcement of Support Act does not excuse Kitchen's willful disobedience of a valid order of the District Court of Cass County.

True, some courts refuse to punish for contempt when there is another remedy available or if payment of money may be enforced by execution. *See* 17 C.J.S. § 59 p. 134; *People v. Person*, 44 Mich.App. 630, 205 N.W.2d 610, 611 (1973). We, however, do not adopt such a view in light of our legislation in this area of the law.

Section 27–10–03(3) allows the court to punish as civil contempt nonpayment of a sum of money when execution cannot be awarded. In this case, the judgment subject to execution was entered pursuant to the Uniform Reciprocal Enforcement of Support Act. Chapter 14–12.1, N.D.C.C. That act specifically provides that "[t]he remedies herein provided are in addition to, and not in substitution for, any other remedies." § 14–12.1–03, N.D.C.C. Another method for collecting child support is statutorily specified in Section 14–08–07, N.D.C.C., allowing civil contempt for nonpayment of child support. Therefore, the judgment entered in Clay County pursuant to the Uniform Reciprocal Enforcement of Support Act was a remedy in addition to the remedy of civil contempt provided by Section 14–08–07 and not in substitution for that remedy.

It is also important to note that the determination that Kitchen was in civil contempt of court in Cass County was prior to the entry of the judgment in Clay County. Kitchen was found to be in contempt for failing to obey an order of the North Dako-

ta court. The subsequent judgment in Minnesota, upon which execution has not been levied and quite possibly if levied upon would result in a return of the levy unsatisfied, did not cure his willful disobedience of the court's order.

In *Thorlakson v. Wells*, 207 N.W.2d 326 (N.D.1973), we expressly approved the use of contempt proceedings for enforcing payment of court-ordered alimony, and also determined that the wife did not need to exhaust all remedies in order to be able to use contempt proceedings. Relying on a child support case, we said:

> "The same contention was made in the case of *Gross v. Gross*, 53 N.D. 480, 206 N.W. 793, 794 (1925), where it was argued thusly:
>
> 'It is argued that a remedy for enforcement, where the judgment requires a money payment, is an execution ... and that since an execution may be had, the party in whose favor this provision of the judgment runs is not entitled to enforce it through the medium of contempt ...'

The court, in *Gross, supra* 206 N.W. at 794, answered such contention by stating:

> 'The argument, in our opinion, does not make proper allowance for the real scope of the statute vesting authority in the district courts to compel the parties to divorce actions to provide for the maintenance of the children. The duty of maintenance is a specific duty and is not necessarily discharged by the payment of a definite amount of money in the event that it can be made out of the property or effects of a defendant after levy, notice, and sale upon execution. It is a duty which the court is authorized to compel either party to perform, and which they may be re-

dition which may affect the proper administration of sections 14–08–07 through 14–08–10. Whenever there is failure to make the payments as required, the clerk of court shall send notice of the arrears by registered or certified mail to be delivered only to such person ordered to make the support or alimony payments. Upon proof of receipt of such notice, the clerk of court shall, if payment of the entire

arrearage has not been made to the clerk after ten days from the date of proof of such receipt of such notice, request the district judge of the judicial district, on a form provided by such judge, to issue a citation for contempt of court against such person who has failed to make such payments and the citation shall be served on such person as provided by the rules of civil procedure." § 14–08–07(1), N.D.C.C.

quired to perform whether they have property subject to execution or not. As the court has power to compel, it may fix a time when payment or other provision is to be made, and it may compel the furnishing of the maintenance at the time and in the manner stated. It may likewise compel the furnishing of security. Section 4406, Compiled Laws for 1913 [present § 14-05-25, N.D.C.C.].

'The mere fact that the judgment, for purposes of convenience, adopts the measure of a money payment in stated installments, is incidental—the duty nevertheless is as specific as though the court had required the assignment of an aliquot part of the defendant's salary or wages. And the further fact that for these installments, either as they mature or accumulate, the plaintiff may have an execution, is likewise immaterial in our view of the matter; for the execution would not result in a full measure of compliance with the judgment.'" 207 N.W.2d at 328.

■ Contempt proceedings for failure to pay court-ordered child support are appropriate. Subsequent entry of a judgment does not purge Kitchen of his contempt resulting from his failure to obey the court's order.

The order of the district court vacating the writ of attachment and discharging Kitchen is reversed, and the case is remanded for reinstatement of the writ of attachment.

SAND, PAULSON, PEDERSON and VANDE WALLE, JJ., concur.