EMMA J. RUSSELL, libellant, *vs.* ASA B. RUSSELL, libellee.

Cumberland.   Opinion April 18, 1879.

*Divorce.   Libel.   Support.   Order in vacation.   Contempt.   Appropriate remedy.*

A libel for divorce, inserted in a writ, is to be regarded as pending after service on the libellee.

After such service and before the return day of the writ, a justice of this court can in vacation, after notice to the libellee, order him to pay money for the support of his wife and for the expenses of litigation pending the libel.

The husband neglecting or refusing to pay as ordered is in contempt for such neglect or refusal, but he may purge himself from contempt by proof of inability to comply with such order.

No exceptions lie to the judgment of the presiding justice determining such ability or inability.

In libels for divorce, *commitment for contempt is an " appropriate process,"* to enforce the payment of money; or an execution in the usual form, may issue for the amount ordered to be paid and remaining unpaid.

ON EXCEPTIONS.

LIBEL for divorce inserted in a writ of attachment, dated October 28, A. D. 1878, and made returnable at the January term of this court, 1879.

The real estate of the respondent was attached, and service of the libel was made upon him on the day of the date of the writ. In vacation, after the October term, A. D. 1878, of this court, to wit, on the second day of November, 1878, the libellant filed her petition praying that the court would order that her said husband pay to the clerk a suitable sum of money for the prosecution of her suit, and make such reasonable provision for her separate support and the support of her child as the court should deem reasonable, and that the custody of said child, *pendente lite*, be decreed to her.   The libel was filed in the clerk's office supreme judicial court November 11, 1878.

A copy of this petition, and order of court thereon, was duly served upon the respondent November 2, 1878, and on November 13 thereafter, Virgin, J., who had made the order, after a hearing of the parties thereon (the parties to said libel being present),

made the following order and decree : " that the within named Asa B. Russell pay to the clerk of the supreme judicial court on Saturday of each week, until the libel is heard, the sum of six dollars for the support of the libellant and child, and that, on or before the first Tuesday of January next, he deposit with said clerk the sum of $50, to enable the libellant to prosecute her libel."

The respondent paid the sum of $54 from November 16, 1878, to January 11, 1879, on account of the weekly sum ordered to be paid as above stated.

On the fourth day of the January term, being January 18, 1879, the libellant filed her motion and complaint, representing that the libellee had failed to comply with the order of court as to the payment of the $50, and praying that he show cause why he should not be adjudged to be in contempt, and that the court would make such order and decree, and issue such process as the case required.

The libellee appeared, and for answer thereto, said that he is not of sufficient ability to enable him to comply with the order directing him to pay said $50, and, further, that the honorable judge of this court, who made said order on the thirteenth day of November, had no jurisdiction over the parties to said libel, because said libel was not then pending in this court, the return day thereof being the second Tuesday of January, A. D. 1879.

After a hearing of the parties, upon the motion, the presiding judge, (Walton, J.,) adjudged the libellee to be of sufficient ability to comply with the order of court, and directed him to pay the said sum of $50, and ruled that the court had jurisdiction of the parties to the libel on the thirteenth day of November, A. D. 1878, for the purpose of making said order, and found, as matter of fact, that the libellee was guilty of contempt in failing and refusing to comply with said order, and directed that the libellee be committed to the county jail situated at Portland in the county of Cumberland, until he comply with said order and decree of court. Thereupon, the libellee alleged exceptions.

*A. A. Strout & G. F. Holmes*, for the libellant.

*C. P. Mattocks*, for the libellee.

APPLETON, C. J.   By R. S., c. 60, § 4, a libel for divorce may be inserted in a writ of attachment and served by summons and copy.

By c. 81, § 91, "the time when a writ is actually made, with an intention of service, shall be deemed the commencement of the suit." A suit must be regarded as pending from its first institution, until its final termination. *Brown* v. *Foss*, 16 Maine, 257. The making of the writ is to be deemed the commencement of the action or process. *Bunker* v. *Shed*, 8 Met. 150.

By R. S., c. 107, § 3, any suit, libel or other process is to be regarded as pending when, and after, service has been made on the respondent so far as relates to the taking of depositions.

The libel having been served on the libellee, there was a suit pending for divorce from the bond of matrimony. The parties could no longer live with propriety or legally in matrimonial cohabitation. The wife must be supported. The duty to support her devolves on the husband. By the fact of marriage she is entitled to alimony *pendente lite.* By the terms of the order it usually commences from the return of the citation. Such, in England, is held the true rule, " for, till then, the wife may be considered as able to obtain subsistence on the credit of her husband." *Loveden* v. *Loveden*, 1 Phillim. 208.   When, however, the husband does not use due diligence in causing the return of the citation to be made, the alimony may commence from the date of the citation.   Nor does the fact that there is a plea to the jurisdiction affect the power of the court to allot alimony *pendente lite. Ronalds* v. *Ronalds*, 2 L. R., Prob. & Div. 259.

By R. S., c. 60, § 6, this court is authorized, pending a libel, to order the husband to pay the wife a suitable sum for her defense, or to enable her to prosecute her libel and for her separate support, etc., " and to enforce obedience by appropriate processes." By the Act of 1878, c. 25, the order provided by c. 60, § 6, may be issued in vacation.

Service having been made of the libel and the same being then pending, though before the return day of the writ, the libellant petitioned a justice of this court to issue an order requiring the libellee to pay a sum of money, such as the court should decree for

the purposes specified in c. 60, § 6, and amended by c. 25 of the Acts of 1878. Notice was duly given the libellee of this petition. He appeared and contested the granting of the prayer of the libellant, and after a full hearing was ordered to pay the sum of six dollars weekly till the further order of the court.

The decree was one authorized by statute to be made, the justice issuing the decree having jurisdiction.

The libellee made payments under this order for the space of nine weeks, and then refused to make further payment. At the January term of this court notice was issued to the libellee to show cause why he should not be adjudged to be in contempt for not complying with the previous order of the court. *Newcomb* v. *Newcomb*, 12 Gray, 28.

The libellee attempted to purge himself from contempt by showing a pecuniary inability to comply with the order of court, but on a full hearing the presiding justice adjudged him of sufficient ability. This adjudication is conclusive and binding upon the parties. *Call* v. *Call*, 65 Maine, 407. *Sparhawk* v. *Sparhawk*, 120 Mass. 390.

The libellee was then adjudged in contempt and ordered to be committed until he should comply with the order of court. This has been held to be the proper course in such case. *Dwelly* v. *Dwelly*, 46 Maine, 377. *Slade* v. *Slade*, 106 Mass. 499. It is an appropriate remedy to enforce a decree of the court.

Undoubtedly, execution may issue in the usual form against the husband for alimony decreed the wife. *Prescott* v. *Prescott*, 62 Maine, 429. *Slade* v. *Slade*, 106 Mass. 499. *Barrows* v. *Purple*, 107 Mass. 429. No reason is perceived why it may not issue upon failure by the libellee to make the payments ordered to be made *pendente lite*, the amount to be paid being matter of record. Attachments for contempt for non-payment of the amount ordered, and executions for such amount, when unpaid, are both appropriate remedies for the enforcement of the decrees of the court.

*Exceptions overruled.*

WALTON, BARROWS, DANFORTH, VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.