### Hogue v. Hayes.

1. **Contempt:** FAILURE TO OBEY ORDER: SHOWING IN EXCUSE. In answer to a citation to show cause why he should not be punished for contempt in refusing to comply with an order of court, a party may show that a compliance with the order was impossible, although he took no appeal from the order, and in no way sought to impeach its correctness.

WEDNESDAY, APRIL 21.

*J. Carskaddan, K. O. Holmes* and *Boal & Jackson,* for plaintiff.

*Allen Broomhall* and *Cook & Richman,* for defendant.

ADAMS, CH. J.—This is a proceeding upon a writ of certiorari granted in chambers by MR. JUSTICE ROTHROCK to test the legality of the imprisonment of the plaintiff upon an order made by the defendant as judge of the District Court of Iowa for the county of Muscatine. The petition showed that the plaintiff was imprisoned in the jail of the county of Muscatine for an alleged contempt of court. The writ required the defendant to certify to this court the record of all the proceedings in pursuance of which the order of imprisonment was made. The return shows that in September, 1878, one Painter recovered a judgment against the plaintiff for $2,666.05; that an execution was issued thereon and a return made of "no property found;" that in December, 1878, Painter instituted auxiliary proceedings and caused an examination to be made of plaintiff before a referee appointed for that purpose; that the examination disclosed the fact that the plaintiff had in his possession $100 in money; that it also disclosed the fact that plaintiff was the owner of promissory notes to the amount of $1,900, taken by him in the sale of land, which notes had been sent by plaintiff to a brother of his in Ohio to be cashed,

and to prevent Painter from seizing them; that it also disclosed the fact that he had succeeded in raising $400 upon the notes; that upon the referee's report being filed the court made an order that the plaintiff turn over to the sheriff the $100 shown to be in his possession, and to produce within ten days the notes sent to Ohio, and to deposit the same with the clerk of the court; that the order was made on the 24th day of January, 1879, and the next day thereafter was served upon the plaintiff; that the plaintiff failed to turn over the money and failed to produce and deposit the notes as ordered; that thereupon Painter applied for an attachment against the plaintiff, and an order that he be required to show cause why he should not be punished for contempt of court in refusing to obey the order of court; that such attachment having issued and order having been made, the plaintiff appeared and filed an answer denying all contempt of court, and showing that prior to the making the order to turn over to the sheriff the $100 he had already paid out the same, and that the notes had been negotiated, and had not been within his control, and that it was impossible for him to produce and deposit them as ordered; that Painter demurred to the answer as insufficient to show that the plaintiff had not been guilty of a contempt of court; that a hearing having been had upon the demurrer it was sustained, and that, no further answer being filed, it was adjudged that the plaintiff was guilty of a contempt of court, and that he be imprisoned until he obey the order of court or be otherwise lawfully discharged; that thereupon a writ of commitment was issued, which was executed by committing the plaintiff to jail.

Counsel have raised and discussed a large number of interesting questions, but many of them we think it will not be necessary to consider. The principal question, to which all others are subordinate, is: Was the plaintiff guilty of contempt of court, taking his statements to be true which are contained in his answer to the citation to show cause?

The answer shows that the money was paid out before the

order was made, and the notes are not within the plaintiff's control. Such being the fact, it was of course impossible to obey the order, and it follows that in failing to obey it there was no actual contempt.

The defendant insists, however, that it is immaterial whether the thing ordered to be done was impossible or not, or whether there was any actual contempt or not, that if the order was impossible to be performed it should have been superseded by an appeal, and as that was not done the plaintiff should be imprisoned as for a contempt.

The argument is that plaintiff cannot be heard to set up the impossibility of obeying the order without impeaching, incidentally at least, the correctness of the order, and that that cannot be done in this way. The argument has the merit of being plausible, but we are unable to conclude that it is sound. It would result that a person is liable to be imprisoned for life for failing to do an impossible thing, and merely upon the ground that he is estopped from showing that it is impossible. In our opinion the conclusiveness of the correctness of the order does not reach so far as to preclude the plaintiff, upon a proceeding for an alleged contempt, from showing that there was no contempt in fact. The maintenance of the dignity of the court does not require the punishment of a person as for a contempt which had no existence in fact, nor are the rights of the creditor subserved in such case. We think that the judgment of the District Court cannot be sustained, and that the order of commitment should be set aside.