THE STATE OF KANSAS V. WARREN R. DENT.

1. ATTACHMENT FOR *Contempt; Appeal.* Where a defendant is attached and brought before the court or a district judge to show cause why he should not be adjudged guilty and punished for contempt in refusing to obey an order directing him to pay temporary alimony and suit-money, the proceeding is of a criminal nature, and an appeal lies to the supreme court from the decision and judgment of the court or judge in such a proceeding, when the defendant is sentenced to imprisonment in the county jail until he complies with the order of the court.

2. DEFENDANT, *When Discharged.* Where an attachment is issued in a proceeding as recited above, the defendant is entitled to be discharged if he shows his disobedience is not willful, but solely on account of his pecuniary inability or some other misfortune over which he has no control.

*Appeal from Marion District Court.*

ACTION for divorce, brought by *Emma J. Dent* against *Warren R. Dent.* The defendant appeals from certain orders made therein by the district judge, January 22, 1883. The facts appear in the opinion.

*L. F. Keller,* and *C. Reed,* for appellant.

*T. A. Bogle,* county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: There was commenced on January 22, 1883, in the district court of Marion county, an action wherein Emma J. Dent was plaintiff and the appellant was defendant, in which plaintiff sought to obtain a divorce and alimony. On said January 22, the judge of the district court of the ninth judicial district, upon the application of the plaintiff, issued an order restraining appellant from making any conveyance, sale, assignment or other disposition of any of his property, and requiring him to pay immediately to the clerk of the court for plaintiff's counsel the sum of $50, and the sum of $200 for plaintiff, or give bond for the payment of the said $200 within ten days, with security to be approved by the clerk. Appellant failed to make payment of the sums directed, or give security for the payment thereof, and on January 24, 1883, he was attached, and brought before the district judge to show cause why he should not be adjudged guilty and punished for contempt in refusing to obey his orders. Upon the hearing, the judge decided that appellant had failed and neglected to comply with his orders without any just excuse, and ordered as a penalty for his contempt that he be committed to the jail of Marion county until the previous orders made by him were complied with, and that in addition thereto he pay the expenses of that proceeding, taxed at $——, as the clerk of the court might ascertain, and that he also pay the plaintiff's counsel the further sum of $25. The confinement in the jail was to continue also until these

latter sums were satisfied. This appeal is now prosecuted to review and set aside the order of the district judge adjudging appellant guilty of contempt and committing him to the jail of Marion county until he shall make payment of the sums directed.

Counsel representing the state objects to the consideration of the case on its merits, upon the ground that every court and judge has the sole power to determine whether as a matter of fact a contempt has occurred; and further, that the contempt committed is not a criminal offense, and the appellant has no right of appeal. Although the authorities are somewhat conflicting upon these questions, in our opinion, under the provisions of our statute, both objections are untenable. Proceedings for contempt are in the nature of criminal prosecutions. (Hawkins's Pleas of the Crown, *Attachment;* Comyn's Digest, *Attachment,* A, 2; 4 Bl. Com. 283, 284; *Passmore Williams's Case,* 26 Pa. St. 19; *State v. Matthews,* 37 N. H. 450; *Whittem v. State,* 36 Ind. 196, and cases cited.) In *Peyton's Appeal,* 12 Kas. 398, it was said in the opinion that: "The whole proceeding, as it appears from the record brought to this court, would seem to be merely a proceeding for contempt." This court assumed jurisdiction of that case, disposed of it upon its merits, and ordered the judgment of the district court to be reversed. The authority for the district judge to imprison for contempt, on the failure of a party to obey his order to pay temporary alimony and suit-money, is based upon the ground that the refusal is willful disobedience; and where a party is guilty of willful disobedience or obstinacy to an order of the court or judge, said court or judge is necessarily empowered to punish him as for contempt; when sentenced therefor to imprisonment until he pay a specified sum and the cost of the proceeding, such decision is in the nature of a sentence and final judgment. Sec. 281 of the criminal code reads: "An appeal to the supreme court may be taken. by the defendant, as a matter of right, from any judgment against him; and upon the appeal, any decision of the court, or intermediate

1. Attachment for contempt; appeal.

order made in the progress of the case, may be reviewed."
This section gives an appeal to the appellant, and this right
of appeal confers on this court jurisdiction to examine the
order and judgment of the district judge. (*Whittem v. State*,
supra; *Peyton's Appeal*, supra.)

It satisfactorily appears from the evidence produced by af-
fidavits before the district judge, that the plaintiff in the
original action was possessed of notes of the value of $209,
due in about a year, and also of real estate in Marion county
of the value of $1,000, incumbered with a mortgage of $300;
that the only real estate belonging to appellant was an undi-
vided one-fourth interest in one hundred and sixty acres of
land situated in Marion county, the legal title to which is in
the Atchison, Topeka & Santa Fé railroad company, and upon
which two payments are unpaid; that he has household fur-
niture valued at $225, and also some property in the hands
of an administrator of his father's estate in Ohio, of the value
of $500, which would come to him when the estate is settled;
that appellant had been guilty of dissipation and riotous liv-
ing, and was without ready means, excepting a small sum of
money which he paid to his attorney soon after the commence-
ment of the divorce action; that he had no money in his pos-
session or under his control with which he could comply with
the orders made by the district judge on January 22. How-
ever censurable may have been the conduct of appellant
towards his wife, and however much he is to be condemned
for his foolish and extravagant expenditure of money and ·
property prior to the orders directing him to pay the tem-
porary alimony and suit-money, it does not seem to us after
the judge enjoined him from making any sale or

2. Defendant, when dis-
charged.
disposition of his property that he was in a con-
dition to pay money or give security, and there-
fore was not guilty of willful disobedience or willful obstinacy.
When he was brought before the district judge on the attach-
ment, it was sufficient to entitle him to be discharged, if it
appeared that he had not paid the sums directed, solely on

account of his pecuniary inability, or some other misfortune over which he had no control. As all the property he had was tied up by the orders of the court, and as he was without money, he ought not to have been imprisoned so summarily.

Various other matters are discussed in the briefs of counsel, but the conclusion obtained we think renders it unnecessary to examine in detail every question presented.

The order and judgment of the district judge will be reversed.

All the Justices concurring.