----

## EX PARTE HALL.

### Opinion delivered October 2, 1916.

1. DIVORCE—ALIMONY—REMEDY TO ENFORCE PAYMENT.—After a decree has been rendered for permanent alimony, payment thereof may be enforced by attachments or orders committing for contempt.
2. DIVORCE—FAILURE TO PAY ALIMONY—CONTEMPT—PRACTICE.—Where defendant, with admitted ability to pay alimony adjudged due his former wife, refused to obey the court's order to pay the same, under the bona fide belief that he had more than paid the amount adjudged against him, the chancery court should set aside a reasonable time in which he may pay the same before committing him for contempt, and should not commit him immediately upon his refusal to pay.

Certiorari to Garland Chancery Court; *Geo. P. Whittington,* Special Chancellor; affirmed.

#### STATEMENT BY THE COURT.

This is a proceeding to review the decree of the chancery court, committing J. H. Hall to prison for contempt in refusing to perform the decree of the court for the payment of alimony to his divorced wife, Eliza V. Hall.

The decree for divorce recites, "And it appearing to the court that the defendant in his cross-complaint prays that a reasonable allowance be made for the main-

tenance of the plaintiff, Eliza V. Hall, during her life; it is ordered, adjudged and decreed, etc. that said J. H. Hall shall pay to her the sum of $10.00 per month, which said sum shall be used for actual living expenses and for no other purpose."

Petitioner answered the citation to show cause why he should not be adjudged guilty of contempt for refusal to perform the judgment, alleging that he had more than paid the amount of the judgment to his said former wife.

It appears from the testimony that he paid the first three monthly installments into court and she expressly declined and refused to take the money, stating that she would never do so and that she did not regard that she was divorced from him nor intend to respect the decree. He made no further payments to the clerk but permitted his former wife to occupy a house belonging to him, the rental value of which was from $6.00 to $10.00 per month; gave orders to certain merchants that she be supplied with groceries and paid the bills therefor and for other supplies, amounting altogether, he claimed, to more than the sum that would have been due under the decree of the court.

The testimony is in conflict as to the amount of goods and supplies furnished, the value of the premises occupied by Eliza V. Hall, and also tends to show that petitioner collected the rents during the time Eliza V. Hall occupied his house without payment of rent, upon two small cottages that had been set aside for her in the decree of divorce.

The chancellor found that petitioner was due under the decree after giving him proper credit for all supplies and rents, $160.00, and ordered its payment. Petitioner admitted in court his ability to pay the amount adjudged to be due and refused to do so, whereupon the court committed him for contempt.

*Davies & Davis*, for petitioner.

1   Kirby's Digest, § 2682, provides for the manner of enforcing orders to pay alimony. Petitioner was able to pay and did pay all he thought was due. He was

willing to pay and made *bona fide* efforts to do so. He never was guilty of contempt, or willful disobedience of the court's order. Kirby's Digest, § 720. Contempt proceedings cannot be used to collect debts. *Id.*, § 724. There is no warrant for the present proceedings under any of our statutes. 45 Ark. 177. If contempt at all, and our contention under the evidence is that it was not, it was *civil* contempt, or failure to obey an order of court. 9 Cyc. p. 9. Such a failure is not punishable by imprisonment. No demand was made—there was no refusal to obey and a disavowal of any intention to commit contempt. Under the evidence there was no contempt. 9 Cyc. 35-6; 108 Ill. 120; 120 Cal. 421; 133 Ind. 122; 88 Ark. 302; 81 *Id.* 504; Kirby's Digest, § 2679, 2682; 81 Ark. 504.

2. The Special Chancellor was without jurisdiction. 16 Ark. 384, 396.

3. Where a person tries to obey the order of court, but fails through the acts of others he is 'not in contempt. 80 Ark. 579; 98 S. W. 378. An opportunity should be given always for the party to comply with the order of court. 101 Ark. 516. The violation of a void order is not contempt. 100 Ark. 419; 93 *Id.* 307.

4. The complaint is stale and barred. 39 Ark. 158; 98 *Id.* 193.

5. An honest effort was made to comply with the court's order and a reasonable time and opportunity, at least, should have been given to petitioner to obey. Cases *supra.*

*A. J. Murphy*, for respondent.

1. The evidence warrants the findings of the Chancellor. They were really too favorable to the petitioner. No petition for bail was made until after court adjourned for the term and all powers of the Special Chancellor had ceased.

2. The petitioner is guilty of contempt. 1 Ruling Case Law, § 103, p. 960; 38 Ark. 477; 81 *Id.* 140; 88 *Id.* 302; 81 *Id.* 504; 101 *Id.* 416.

Kirby, J. (after stating the facts). The testimony is in conflict, but we are unable to say that the chancellor's finding that petitioner had failed to perform the judgment of the court and was due the sum of $160.00 thereunder is clearly against the preponderance of the testimony.

Petitioner insists that so long as he was making a *bona fide* contention that he had paid the judgment of the court for alimony, supported by substantial testimony, that the chancellor was without authority to commit him for contempt. He knew the court's order and judgment against him for the payment of alimony and that demand had been made therefor, and answered the citation, alleging that he had complied with the decree and was in no wise in default or contempt.

The court after hearing the matter found that he had failed to comply with the decree for payment of the alimony and that he owed $160.00 under the terms of it, which he declared he was able to pay, but declined to do so.

(1) It is well recognized that after a decree has been rendered for permanent alimony, payment thereof may be enforced by attachments or orders committing for contempt.

"Even after the expiration of the term at which a decree for permanent alimony was granted, payment thereof may be enforced by an order committing the husband for contempt of court, owing to the fact that alimony does not constitute a debt within the meaning of that term as used in the usual constitutional inhibition against imprisonment for debt. * * * Although statutes frequently provide for enforcing the payment of alimony by attachment for contempt, nevertheless a court has inherent authority to do so even in the absence of statute." 1 R. C. L. 960.

Cyc says: "The right to enforce payment of permanent alimony by contempt proceedings belongs inherently to the courts having jurisdiction in divorce suits, or is conferred upon them by statute as a necessary incident to the execution of such jurisdiction; nor does the imprisonment of the husband as a result of contempt proceedings violate a constitutional provision against imprisonment

for debt." 14 Cyc. 799. See, also, *Staples* v. *Staples*, 24 L. R. A. 433, and note, and note to 137 A. S. R. 875, for a collection of cases upon the subject.

Our statutes recognize proceedings for contempt as an appropriate remedy for enforcement of orders and decrees for payment of alimony *pendente lite* and our decisions indicate that it may be resorted to for the collection of permanent alimony upon a decree rendered therefor. Sec. 2682, Kirby's Digest; *Pryor* v. *Pryor*, 88 Ark. 310; *Casteel* v. *Casteel*, 38 Ark. 477; *Shirey* v. *Hill*, 81 Ark. 137.

(2) The petitioner's failure to pay the alimony in accordance with the decree of the court therefor, appears to have resulted from a *bona fide* belief that he had more than paid the amount thereof in rents and supplies acceptable to Eliza Hall, and not from a contumacious disregard of the court's decree or in wilful disobedience of it. The court having heard the matter upon his answer to the citation and found that he had failed to comply with the order and was still due a balance of $160.00 in accordance with its terms, should have fixed a short day for the payment thereof and not have committed petitioner to jail immediately until it was paid, thus giving him an opportunity to take steps for a review of the judgment before being committed to prison.

Since the judgment has been suspended, however, upon the writ issued from this court, which has affirmed it as to the amount due, and the petitioner, who admits his ability to pay will have 15 days from this time in which to comply with the order of the court below, its judgment is affirmed.