CHARLES M. PEWICK, Petitioner, v. JOSEPH E. MEYER, Judge, Respondent.

DIVORCE: Alimony—Refusal to Pay—Contempt—Defense. A defendant in divorce proceedings who is *actually unable* to comply with the order of the court relative to the payment of alimony is not in contempt, even though it is made to appear that, were he able, he would not, without compulsion, make the payments.

Headnote 1: 19 C. J. p. 304, 304 (Anno.)

*Certiorari to Polk District Court.*—JOSEPH E. MEYER, Judge.

JUNE 21, 1926.

Original action in certiorari.—*Writ sustained.*

*E. S. Thayer,* for petitioner.

*R. R. Nesbitt,* for respondent.

STEVENS, J.—The petitioner, Charles M. Pewick, was, on May 22, 1925, adjudged in contempt of court on account of his refusal to comply with a decree granting his wife a divorce, and adjudging him to pay $15 per week for the support of Marilyn Pewick, his minor daughter, whose custody was granted to the mother. At the time information was filed, petitioner was in default in the sum of $75. The court found him guilty, and entered an order requiring him to pay the amount for which he was then in default, together with an additional $15, about to accrue on or before May 23, 1925, in default of which he was ordered confined in the county jail of Polk County until said sum was fully paid.

Section 10482 of the Code of 1924 provides:

"If any party against whom such decree has been entered,

shall willfully disobey the same, or secrete his property, he may be cited and punished by the court for contempt."

The defense interposed by petitioner in the contempt proceedings was that he was, and had been for some time, out of work, and without funds or means of raising the money with which to make the required payments. Testimony was introduced, tending to show that petitioner stated, upon different occasions, that he did not intend to make any further payments. This testimony was contradicted by him, but the finding of the district court was against him on this point, and we think properly so. The mere fact, however, that he was unwilling to make the payments, and would not do so without compulsion, is hardly sufficient to justify the punishment inflicted, if he was in fact unable to comply with the decree. The authorities are almost, if not wholly, uniform in holding that inability to pay alimony or to comply with an order of court for the payment of money is a defense to a charge of contempt. *Peel v. Peel,* 50 Iowa 521; *Hogue v. Hayes,* 53 Iowa 377; *Hancock v. Hancock,* 134 Iowa 475; *Snook v. Snook,* 110 Wash. 310 (9 A. L. R. 262, and note); *Allen v. Woodward,* 111 Tex. 457 (22 A. L. R. 1253, and note).

The petitioner testified that the only money he had was $2.40, and that he had borrowed the money out of which some of the later prior payments had been made, and that he was, in fact, out of work, and without means of raising funds with which to comply with the decree. This testimony is not disputed. It appears that appellee has not manifested a willing disposition to make the payments to his former wife, giving as a reason therefor that he is not the father of a child born to her shortly after the decree was entered. The reason assigned affords no excuse for petitioner's refusal to contribute to the support of the older child, for which he pretends to have affection. The mother is unable to support it properly, and petitioner is bound, as a matter of law, to contribute to its support. Petitioner's disobedience of the decree may have been willful; but, if he was in fact without money or property, and out of work, and could not, by reason of these facts, make the payments, although willing and anxious to obtain work and to make every reasonable effort to provide himself with the necessary funds to do so, his failure to make payments would not be contemptuous.

The payments required by the decree should be made, and petitioner must be held to the duty of making every reasonable effort to comply therewith. The court, under the statute, is given large power to punish for contempt, upon a proper showing of disobedience to the decree.

The writ is sustained, solely upon the ground that the showing made by petitioner was sufficient to excuse him from punishment for contempt.—*Writ sustained.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.