ROY H. PORTER, Petitioner, v. A. R. MAXWELL, Judge, Respondent.

No. 39997.

OCTOBER 15, 1929.

*Higbee & McEniry,* for petitioner.

*Kenneth H. Davenport,* for respondent.

DE GRAFF, J.—This proceeding may find disposition by a reaffirmance of the rule applicable to the facts in the instant

matter. It is sufficient to cite the following cases: *Peel v. Peel,* 50 Iowa 521, 522; *Hogue v. Hayes,* 53 Iowa 377; *Hancock v. Hancock,* 134 Iowa 475; *Pewick v. Meyer,* 202 Iowa 134. The instant petitioner was adjudged guilty of contempt for a failure to pay alimony; but the inability to pay alimony or to comply with an order of court for the payment of money is a defense to a charge of contempt. A defendant is not guilty *per se* of an intentional contempt of the court's authority by failure to pay the money as required by the order of the court. Many circumstances may arise, such as misfortune, mistake, physical disability, or poverty, which may be sufficient to purge a defendant from contempt. A court is not privileged to enter a mandate in a contempt proceeding for failure on the part of the person cited for an alleged contempt for a failure on his part to do an impossible thing. In the instant case, the petitioner showed his willingness to comply with the decree of divorce as soon as he was able to obtain work and earn money. He did pay it until he lost his position with a railroad company, the loss being caused directly by complaints made to the officers of said company by his former wife, the plaintiff in the divorce action.

Disobedience to a court order or decree in a case of this character must be willful; and when the facts disclose that the disobedience alleged is not willful, then there is no contempt. Such is the case at bar. The defendant owned no property of any kind, and therefore it is idle to claim in the contempt proceeding that he was "secreting his property," which was one of the grounds alleged in the "motion for rule to show cause." It is conceded that the defendant had no source from which he could obtain money to pay plaintiff; that he is in poor health, as a result of a serious rupture, and is receiving medical attention at all times. We are abundantly satisfied that the respondent judge erred in adjudging the petitioner guilty of contempt, when the record shows without dispute, and admittedly, that the petitioner is unable to perform the judgment, lost his position as a result of the erstwhile wife's harassment of the railroad company which employed him, and has no property or

1226

money, and is under the care of a physician, by reason of a serious ailment.

The writ issued is—*Sustained.*

ALBERT, C. J., and STEVENS, MORLING, and WAGNER, JJ., concur.