[Crim. No. 1666.   First Appellate District, Division Two.—May 19, 1932.]

In the Matter of the Application of JAMES C. FOSS for a Writ of Habeas Corpus.

A. H. Crook for Petitioner.

Waldo F. Postel for Respondent.

.SPENCE, J.—Petitioner was adjudged guilty of contempt and ordered confined in the county jail for failure to pay the sums which he was ordered to pay by the terms of an order and judgment in a divorce action.   He seeks his release on *habeas corpus.*

 In the affidavit upon which the order to show cause herein was issued, it was alleged among other things that the order and judgment in the divorce action were entered on June 17, 1931; that after petitioner had notice of the entry of the same, several orders were issued directing petitioner to show cause why he should not be punished for contempt for failure to comply with said order and judgment; that on occasions petitioner appeared in response to said orders and testified; that on other occasions petitioner failed to appear and orders for the attachment of his person followed; that petitioner was earning a regular salary and had the ability to comply with the order and judgment; that since the entry of the order and judgment he had divested himself of two parcels of real property for the purpose of avoiding payment; that petitioner had ample ability to comply with the order and judgment, but that he had failed and refused to make any payment thereon although often admonished by the court to do so.

The order to show cause herein was issued on March 23, 1932.   Petitioner filed his affidavit by way of answer.   He did not deny knowledge of the order and judgment or their contents, but claimed inability to comply.   He admitted that shortly prior to the entry of the order and judgment he sold one piece of real property and paid other creditors with the proceeds.   He further admitted, without specifying the time, that he had conveyed another piece of property to his daughter and son, but claimed that this was done in repayment of money loaned to him by them.   He alleged that he had been unemployed during part of the time since the entry of the order and judgment.   He admitted being employed at the time of signing the affidavit, but claimed that his income was required for the support of himself and his daughter and son.

The order of commitment recites the essential facts including the entry of order and judgment and the fact that these were still in full force and effect. It shows among other things that the order to show cause was served upon petitioner and that upon his request the hearing was continued to April 18, 1932; that petitioner again appeared on April 18th, and the cause was continued for further hearing to April 25th; that petitioner failed to appear on April 25th; that petitioner had personal knowledge of the order and judgment and the contents thereof at the time of the making of the same and had appeared in said court on many occasions and testified with respect thereto; that petitioner had not complied in whole or in part with said order and judgment; that he had wilfully failed and refused to pay the sums due and payable thereunder; that he had at all times since the making thereof had the ability and means to pay the sums required.

No record of the oral testimony taken upon the hearings upon the order to show cause is before us on this proceeding. The order of commitment recites the facts upon which it was based and those facts must be taken as true. (*Ex parte Ewell,* 71 Cal. App. 744 [236 Pac. 205].) In our opinion there is no merit in petitioner's contention that the facts stated in the order of commitment are insufficient. From these facts it appears that petitioner, with full knowledge of the order and judgment, wilfully refused to comply therewith although he had the ability so to do. Nor is there any merit in petitioner's claim of insufficiency of the affidavit upon which the order to show cause was based. We are of the opinion said affidavit sufficiently set forth "the facts constituting the contempt" within the meaning of section 1211 of the Code of Civil Procedure, including petitioner's knowledge of the order and judgment. Even if it may be said that the affidavit was "inartificially drawn" or that the facts alleged merely "squinted" at a substantive statement of the offense, it would be sufficient on this proceeding. (*Ex parte Ah Men,* 77 Cal. 198 [11 Am. St. Rep. 263, 19 Pac. 380]; *In re Kaster,* 52 Cal. App. 454 [198 Pac. 1029]; *In re Stambaugh,* 117 Cal. App. 650 [4 Pac. (2d) 270].)

From the record before us it is clear that the trial court had jurisdiction of the petitioner and of the subject

matter. Taking as true the facts found by the court, it is equally clear that petitioner was guilty of contempt and is not entitled to his release.

The writ is discharged and the petitioner is remanded to custody.

Nourse, P. J., and Sturtevant, J., concurred.