Christina RASZLER, Plaintiff and Respondent,

v.

David RASZLER, Defendant and Appellant.

No. 7599.

Supreme Court of North Dakota.

Dec. 14, 1956.

Rehearing Denied Feb. 7, 1957.

Floyd B. Sperry, Golden Valley, for appellant.

Sailer & Richardson, Hazen, for respondent.

GRIMSON, Judge.

This is a contempt proceeding growing out of an action for divorce, tried in July 1952. The plaintiff was granted a divorce from the defendant and was awarded the custody of the minor children, Albin, Wilma and Edna. A division of the property was made and the defendant ordered to pay plaintiff $2,000 in deferred cash payments. The judgment further provided that the defendant should pay the plaintiff "for the

support and care of the minor child, Edna Raszler, the sum of $40.00 on Oct. 1, 1954, and a like sum of $40.00 on the first day of each month thereafter during the minority of Edna Raszler or until the further order of the court." The defendant was appointed trustee of the joint farm property. Judgment was entered August 13, 1952.

An appeal was taken from this judgment to the Supreme Court. The judgment was affirmed on April 21, 1954, N.D., 64 N. W.2d 358. Judgment was then entered on the remittitur, August 5, 1954, which included the $40 payments for the support of Edna, and deferred the dates of the $2,000 payments as follows: $500 on the entry of judgment, $500 on Oct. 1, 1954, and $1,000 on Oct. 1, 1955. All other provisions of the judgment were affirmed.

Plaintiff now complains that the defendant has failed to pay the $40 per month for the support of Edna, and seeks to enforce payment by contempt proceedings.

Section 27–1003, subsection 3, NDRC 1943, provides that every court of record in the state may punish as for civil contempt. "A party to an action * * * for the nonpayment of a sum of money ordered by the court to be paid in a case where by law execution cannot be awarded for the collection of such sum, or for any other disobedience to any lawful order, judgment, or process of the court." Punishment for inexcusable failure to pay alimony or other sums for the support of minors ordered to be paid in a divorce action comes under that provision. Section 14–0523, NDRC 1943. Karteus v. Karteus, 67 N.D. 297, 272 N.W. 185; Hodous v. Hodous, 76 N.D. 392, 36 N.W.2d 554, 12 A.L.R.2d 1051.

Upon the filing of an affidavit of the plaintiff charging the defendant with failure to pay the $40 per month for Edna on Oct. 1, 1954, and thereafter, and asking that the defendant should be punished for contempt for failing to obey the order of the court in that respect, the district court, on Sept. 22, 1955, issued an order to the defendant to show cause why he should not be so punished. Service of that order was duly made on the defendant. A hearing was had upon that order. The defendant moved for dismissal on the ground that no proper complaint or affidavit had been filed. Attached to that motion was an affidavit of the defendant. The motion was denied. The court, upon the affidavit and testimony of the plaintiff, the return of the defendant and upon all the records and files in this action found the defendant had failed to pay the $40 per month for Edna as provided, and was guilty of contempt. The court ordered the defendant to be committed to the county jail of Mercer County, North Dakota, "until the amount which he is in default be paid, towit, $440.00." The execution of the order was stayed for fifteen days for the purpose of giving the defendant an opportunity to make payments. This appeal is taken from that order and a trial de novo requested.

The defendant specified as error the failure of the court to grant defendant's motion to dismiss the proceedings on the ground that no sufficient complaint or affidavit had been filed as required by Section 27–1013, NDRC 1943. That section provides that the court "must cause a complaint in the form of an affidavit to be filed specifying the facts and circumstances of the offense charged against the accused."

The plaintiff's affidavit refers to the original decree of divorce, the appeal and affirmance and states that the defendant was ordered to pay the $40 on Oct. 1, 1954, and a like sum of $40 on the first day of each month until Edna became of age on December 22, 1955. The affidavit then alleges the failure of the defendant to make such payments; that a demand had been made upon him for such payment; that he has wholly disobeyed and ignored the order of the court. Plaintiff further claims that she has complied with all the provisions of the judgment.

All that said Section 27–1013, NDRC 1943, requires is that the facts and circumstances of the offense charged against

the defendant be specified so that he has notice thereof and can prepare to meet the charge. The affidavit sufficiently shows that. State v. Simpson, 78 N.D. 360, 49 N.W.2d 777; In re Rasmussen, 56 Cal.App. 368, 205 P. 72, the court says:

"Under Code Civ.Proc. § 1209, subd. 5, and sections 1211, 1219, relative to contempt, an affidavit for an order to show cause need only show the making of an order for payment of alimony and the husband's refusal to make payment as ordered." See also Ex parte Foss, 123 Cal.App. 542, 11 P.2d 676.

The motion was properly denied.

The defendant also claims that the court erred in making a "ruling that defendant was in contempt of court, prior to said parties having rested and prior to hearing all the evidence in said action."

The transcript shows that the defendant was not present at the hearing but that his absence was waived by his attorney and no request for the continuance of the hearing was made. The defendant's affidavit in connection with the motion to dismiss was tendered by the defendant as his return and was so considered by the court. The plaintiff testified. She was cross-examined by the defendant's attorney and further examined by the court. No other witnesses were presented and no continuance requested. Counsel on both sides then explained their position to the court, after which the court summed up his conclusions with regard thereto and found the defendant in contempt of court for failure to comply with the order of the court regarding the $40 monthly payments to Edna, and directed the plaintiff to prepare findings and conclusions accordingly. The defendant's attorney then stated that the position of the defendant was that the ruling was made prematurely and that in all probability an appeal would be taken from it, but took no exception otherwise. Under these circumstances there is no merit in that assignment of error by the defendant.

Other assignments of error are in substance to the effect that considering all the evidence the court erred in finding the defendant in contempt of court and in ordering him remanded to the custody of the sheriff.

The evidence consists of the affidavits of the parties and the testimony of the plaintiff.

The defendant in his affidavit of return alleges that he had paid $75 a month, amounting to about $1,925 to plaintiff which he was not required to pay under the decree, and further that he paid Edna Raszler $100 in 1955, after he had been advised that she needed the same. He alleges that the plaintiff has not complied with the judgment of the court in taking care of the children given to her care and custody; that Albin only finished the eighth grade in school and was not sent to a trade school; that Albin has continued to live with the defendant who was giving him work and a share of income from his farming operations; that when Albin was sick defendant paid the doctor and hospital bills amounting to more than $500. Further defendant alleges in his affidavit that plaintiff has interfered with the operation of the trust provided in the decree by trying to prevent defendant from selling the crops raised on the trust land. He alleges that he filed reports of the operation of said trust but that hearing on the said reports has been continued. He claims that "until said accounting has been finally ruled on he does not know what amounts he was required to pay or what credit he is entitled to."

The records show that this action was started May 16, 1952. About that time the order for the payment of temporary alimony of $75 per month was made. Judgment was entered August 13, 1952. That judgment awarded plaintiff absolute ownership of property in Beulah and an undivided one-half interest in almost 700 acres of land of which defendant was appointed trustee. The judgment also pro-

vided for payments of $2,000 by the defendant to the plaintiff, $500 in cash, $500 on Oct. 1, 1952, and $1,000 Oct. 1, 1953. That judgment also contains the order for the $40 payments for the support of Edna as heretofore quoted.

The defendant claims and it is admitted by the plaintiff, that he kept paying her $75 per month which had been ordered as temporary alimony after the judgment in district court, entered August 13, 1952, up to July 14, 1954, one year and eleven months. That makes 23 months at $75 per month or $1,725 which the defendant paid. He claims there was no order of the court that he should make those payments.

■ With regard to that, Section 14-0523, NDRC 1943, provides that: "When an action for divorce is pending, the court in its discretion may require either party to pay as alimony any money necessary for the support of the other party, or of children of the marriage, or to prosecute or defend the action." The question arises whether that section applies while the action is pending on appeal. Section 14-0524, NDRC 1943, makes provision for permanent alimony on division of the property when a divorce is granted but that is stayed on appeal. In 17 Am.Jur., Divorce and Separation, Section 537, p. 434, it is stated:

"The duration of an allowance of alimony pendente lite, is designated by the terminology. It continues during the pendency of the suit only, which period includes, when an appeal has been taken, the pendency of the appeal."

Defendant was, therefore, liable on the $75 payments even if no order was made to that effect. Evidently he was misinformed as to that. If the temporary order was not sufficient as to that an additional order would have been made on request of plaintiff. If an agreement to that effect was made such agreement would be binding. Except for defendant's claim that he made

these payments without any order of the court the evidence does not show how these payments came to be made.

Plaintiff admits that the defendant finished paying plaintiff the $2,000 ordered in the judgment on Oct. 1, 1954. That means that he paid $1,000 thereof a year ahead of the time specified in the judgment. Then defendant claims that he paid $100 to Edna about the time she finished high school in 1955 and was planning to go away to school. Plaintiff admits defendant paid that to Edna for her education. Later Edna changed her mind and did not go to school.

The defendant finally claims in his return to the order to show cause that until an accounting was had he did not know what credits he should have for the payments he had made to the plaintiff, nor how much he owed. There is no refusal to pay any amount he is found to owe.

"A defendant is not guilty per se of an intentional contempt of the court's authority by failure to pay the money as required by the order of the court. Many circumstances may arise, such as misfortune, mistake, physical disability, or poverty, which may be sufficient to purge a defendant from contempt. * * * Disobedience to a court order or decree in a case of this character must be willful, and, when the facts disclose that the disobedience alleged is not willful, then there is no contempt." Porter v. Maxwell, 208 Iowa 1224, 226 N.W. 917.

In the case at bar the defendant claims that the evidence warrants the holding that his failure to pay was due to his mistake as to the standing of his payments under the orders of the court, and his belief that he could have that decided upon at a hearing on his account as trustee. In his affidavit he states positively that there was no order for him to pay the $75 per month alimony. His counsel argues that upon the appeal "a stay on all proceedings in said

action until the determination of said appeal" had been provided. Defendant claimed that he should have credit for the payments he made pending the appeal and that he had paid more than the order for Edna's support required.

Of these payments he had paid plaintiff $525 in 1954. He had further paid on Oct. 1, 1954, $1,000, which he was not required to pay until Oct. 1, 1955. Thus plaintiff had use of $1,000 voluntarily paid during the year that Edna's payments were required. Defendant also paid $100 to Edna in 1955. Thus he had paid the plaintiff in 1954 and 1955 more than $600 required by the order for payment for Edna's support. He had paid the hospital and medical bills of Albin, one of the minor children. The payments for Albin, the advance payment of the $1,000 and the $100 to Edna were not made under any compulsion. Clearly those payments were made to help support his family and were for the same purpose as the alimony. All this supports the defendant's good faith in his belief that if he were credited with those payments he had paid more than was required by the order for Edna's support.

■ In the case of Ex parte Hall, 125 Ark. 309, 188 S.W. 827, 828, similar claim was made. The defendant was committed for contempt because of failure to pay alimony as ordered by the court. He had during a part of the time supplied his wife with living quarters and gave orders to the merchants to supply her with groceries which he paid for and which he claimed amounted to more than the alimony. The court said:

"The petitioner's failure to pay the alimony in accordance with the decree of the court therefor appears to have resulted from a bona fide relief that he had more than paid the amount thereof in rents and supplies acceptable to Eliza Hall, and not from a contumacious disregard of the court's decree or in willful disobedience of it."

Contempt of court is committed only when the evidence shows willful and inexcusable intent to violate the order of the court.

In Clark v. Clark, 152 Tenn. 431, 278 S. W. 65, 67, the court says:

"(3) It has been announced that the process for contempt, although not frequently resorted to, is a proper and salutary mode of proceeding where the exigency of the case requires it, being one of the established modes of enforcing decrees of courts of equity, and a practice to which the superior court should conform in cases where the defendant's disobedience of the decree is palpable, willful and inexcusable, and constitutes, beyond doubt, contempt. Lyon v. Lyon, supra [21 Conn. 185].

"The rule is based upon the ground that the refusal is willful disobedience, and where a party is guilty of willful disobedience, or obstinacy to an order of the court or judge, the court or judge is empowered to punish for contempt and sentence him to imprisonment until the specified sum and costs are paid. State v. Dent, 29 Kan. 416; Russell v. Russell, 69 Me. 336; Strobridge v. Strobridge, 21 Hun, N.Y., 288; Wright v. Wright, 74 Wis. 439, 43 N.W. 145; Blake v. Blake, 80 Ill. 523; Ramsay v. Ramsay, 125 Miss. 185, 87 So. 491, 14 A.L.R. 712; 1 R.C.L. § 103, p. 966, 24 L.R.A. 434, note."

■ The evidence to prove contempt must be clear and satisfactory. State v. Harris, 14 N.D. 501, 507, 105 N.W. 621; State v. Babcock, 64 N.D. 288, 293, 251 N.W. 849, 27 C.J.S., Divorce, § 262(f), p. 1050.

■ While the defendant partially failed to make payments on the order for the support of Edna, we do not think the evidence is clear enough to show the deliberate intent necessary to hold him in contempt of court.

The order was to pay for the support of Edna, $40 per month from Oct. 1, 1954, with Dec. 22, 1955, when she became of age, a total of $600. He paid $100 to Edna in the spring of 1955 towards her education. Such payment came within the purpose of the order to pay for Edna's support, and should be credited upon that order even if the defendant did not specify that it was made under that order. Gibson v. Clark, 216 Miss. 430, 62 So. 585.

At the time of the hearing the court found that the defendant owed $440 under said order. Crediting on that the $100 he paid Edna would leave owing at that time $340. The defendant made no further payments that could be credited upon that order.

The decision of the district court is modified to the extent of relieving the defendant of contempt and of allowing a credit of $100 on the payments to be made leaving only $340 owing on the order at the time of the contempt hearing. Otherwise the decision of the district court is affirmed.

BURKE, C. J., and SATHRE and JOHNSON, JJ., concur.

MORRIS, Judge (dissenting).

In my opinion the record amply sustains the trial court in his determination that the defendant David Raszler is in contempt. In the original decree of divorce he was ordered to pay for the support of his daughter Edna Raszler the sum of $40 per month during her minority. He appealed to this court and the decree was affirmed. He has completely ignored that provision of the decree with exception of a payment of $100 to Edna. While this payment was not strictly in accordance with the decree, I agree that he should be given credit for that amount. That however does not excuse his contempt for he has been in default and in contempt of the order since the decree was affirmed in this court. The record also shows that a demand was made upon him for payment after the decree was affirmed. This demand he also ignored. He attempts to excuse his conduct by asserting that he thought he had made payments of temporary alimony to his wife during the pendency of his appeal which he was not required under the law to make in an amount exceeding the payments he was required to make for his daughter's support. As pointed out in the majority opinion this contention is without merit. He also contends that because he made certain payments to his wife before they were due and paid hospital and medical bills for a minor son these matters should be taken into consideration in justification of his failure to comply with the order for Edna's support. With this contention I do not agree. He does not show that he acted on advice of counsel and he made no attempt to get the order directing payments modified. He deliberately ignored the order of the trial court as affirmed by this court, took matters into his own hands and made payments at the times, in the amounts and for the benefit of persons in the manner of his own choosing in total disregard of the order of the court. By a calculation most favorable to him he still owes $340 for Edna's support. The order of the trial court finding him guilty of contempt and committing him to jail until the amount which he is in default be paid subject to a stay of 15 days for the purpose of giving the defendant an opportunity to make payment should be affirmed with a modification that the amount of payment be fixed at $340.