No. 33,781

The State of Kansas, ex rel. Glenn Jones, County Attorney, *Appellee,* v. Kerna Miller, *Appellant.*

(75 P. 2d 239)

Opinion filed January 29, 1938.

*W. S. Hyatt,* of Parsons, for the appellant.

*Clarence V. Beck,* attorney general, *C. Glenn Morris,* assistant attorney general, and *Glenn Jones,* county attorney, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This matter comes before us on the state's motion to dismiss defendant's appeal.

From the record it appears that on April 7, 1936, the defendant was enjoined from maintaining a nuisance under the intoxicating liquor laws, and that in October, 1937, she was charged with being in indirect contempt of court because of her violation of the injunction. Upon a trial had, at which a jury was waived, she was found guilty. Her motion for a new trial was denied, and on October 28, 1937, she was sentenced to be confined at the Kansas Industrial Farm for Women for a period not to exceed six months, and to pay a fine of $100 and costs of the prosecution. On the same day she served notice of appeal to this court. She filed a bond, which was approved by the clerk of the Labette county district court, and has since been at liberty.

The gist of the state's motion is that appellant was convicted of criminal, as distinguished from civil, contempt, and that her appeal must be governed by the law applicable to criminal actions; that it has not been so perfected because, as required by Laws 1937, chap-

ter 274, she did not serve on the county attorney notice of her intention to appeal and file the same with the clerk of the (trial) court, order a transcript of so much of the testimony as is needed to present the cause on appeal, see that the journal entry of trial and sentence was filed, and cause copies of the notice of appeal, with proof of service, order for transcript and journal entry to be filed with the clerk of this (supreme) court within ten days after sentence, nor did she cause to be certified to this court that she had given bond in any manner as required by the above statute. We take notice of the fact that she did not apply to this court for any order staying execution of her sentence and fixing amount of her bond. Although a copy of the motion to dismiss was served on appellant's counsel, she has made no objection to its being allowed or any response otherwise.

It clearly appears that the appellant has not complied with the statute above mentioned, and if it appears the appeal is in a criminal action, it must be dismissed for that failure. The only question is whether the proceeding in contempt was civil or criminal in nature. In consideration of that question, it may be observed that under G. S. 1935, 21-2131, the state may maintain an action to abate and perpetually enjoin a liquor nuisance; that violation of the terms of any injunction may be punished by fine and imprisonment, and that the sentence in the case at bar is within the limits set by that statute.

In *Holloway v. Water Co.*, 100 Kan. 414, 167 Pac. 265, this court had before it the question whether a particular contempt was civil or criminal in its nature, and in that opinion quoted approvingly from the opinion in *In re Nevitt*, 117 Fed. 448:

" 'Proceedings for contempts are of two classes, those prosecuted to preserve the power and vindicate the dignity of the courts and to punish for disobedience of their orders, and those instituted to preserve and enforce the rights of private parties to suits, and to compel obedience to orders and decrees made to enforce the rights and administer the remedies to which the court has found them to be entitled. The former are criminal and punitive in their nature, and the government, the courts and the people are interested in their prosecution. The latter are civil, remedial and coercive in their nature, and the parties chiefly in interest in their conduct and prosecution are the individuals whose private rights and remedies they were instituted to protect or enforce.' (194 U. S. 328.)

" 'It may not be always easy to classify a particular act as belonging to either one of these two classes. It may partake of the characteristics of both. A significant and generally determinative feature is that the act is by one party to a suit in disobedience to a special order made in behalf of the other.' (p. 329.)" (p. 421.)

The distinction between the two kinds of contempt is made in substantially the same language in 13 C. J. 57 and 6 R. C. L. 490.

In *State v. Rose,* 78 Kan. 600, 97 Pac. 788, it was stated that:

"The law upon the subject of contempt is well defined and well understood, and its penal character cannot plausibly be questioned. Indeed, proceedings in contempt, except in certain special cases, were criminal under the common law (Rapalje, Cont. 25; Oswald, Cont., Com. & Att., 2 ed., 99, 199), and this common-law quality of criminality continues to characterize them to such an extent that general provisions of the code of criminal procedure are frequently applied to them. (*The State v. Dent,* 29 Kan. 416; *In re Simms, Petitioner,* 54 Kan. 1, 4, 37 Pac. 135, 25 L. R. A. 110, 45 Am. St. Rep. 261, and cases there cited.)" (p. 602.)

The contempt of which appellant was found guilty was of an order made, not to protect any private right, but to preserve the peace and dignity of the state, to prevent a continuance of a liquor nuisance and to enforce the criminal laws of this state, and that it was treated as a criminal and not a civil proceeding may be inferred from the fact that a jury was waived. Whatever might be said in a borderline case, there can be no doubt that the contempt of which appellant was found guilty was a criminal contempt. If she wished to appeal from the conviction, she should have complied with the statutes governing appeals in criminal cases.

Our statute defining contempt of court (G. S. 1935, 20-1201 to 20-1206), while defining direct and indirect contempts, does not define civil or criminal contempt. It does, by G. S. 1935, 20-1205, grant a right of appeal to the supreme court on a conviction for contempt, but prescribes no procedure other than the fixing of bond for staying execution of the sentence, and in a manner substantially in accord with the provisions of our statute for appeals in criminal cases.

Our conclusion is the appeal was not properly perfected, and it is dismissed.